**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**SAMUEL & STEIN**
David Stein (DS 2119)
David Nieporent (DN 9400)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Weigang Wang and Hailong Yu, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 15-CV-_____ |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| Chapei LLC d/b/a Wok Empire, Cha Lee Lo, and John Does #1-10, | |
| Defendants. | |

   Plaintiffs Weigang Wang and Hailong Yu, by and through their undersigned attorneys, for their complaint against defendants Chapei LLC d/b/a Wok Empire, Cha Lee Lo, and John Does #1-10, allege as follows, on behalf of themselves individually and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Weigang Wang and Hailong Yu allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Chapei LLC d/b/a Wok Empire, Cha Lee Lo, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Wang and Mr. Yu further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage and (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3.   Plaintiff Mr. Weigang Wang is an adult individual residing at 4255 Colden Street, Apt 5S, Flushing, NY 11355.

4.   Plaintiff Mr. Hailong Yu is an adult individual residing at 4255 Colden Street, Apt 5S, Flushing, NY 11355.

5.   Plaintiffs Mr. Wang and Mr. Yu consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); Mr. Wang's and Mr. Yu's written consents are attached hereto and incorporated by reference.

6.   Upon information and belief, defendant Chapei LLC, d/b/a Wok Empire ("Chapei") is a New Jersey limited liability company with a principal place of business at 400 Foothill Road, Bridgewater, New Jersey.

7.   At all relevant times, defendant Chapei has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   Upon information and belief, at all relevant times, defendant Chapei has had gross revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times, defendant Chapei has used goods and materials produced in interstate commerce, and has employed two or more individuals who handled such goods and materials.

10.  Upon information and belief, defendant Cha Lee Lo is an owner or part owner and principal of Chapei, and has

the power to hire and fire employees, set wages and schedules, and retain their records.

11.  Defendant Cha Lee Lo was involved in the day-to-day operations of Chapei and played an active role in managing the businesses.

12.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of Chapei, whose identities are unknown at this time, who participated in the day-to-day operations of Chapei, who have the power to hire and fire employees, set wages and schedules, and maintain their records.

13.  Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

14.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Wang's and Mr. Yu's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Wang's and Mr. Yu's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.   Pursuant to 29 U.S.C. § 206 and § 207, Mr. Wang and Mr. Yu seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were employed by defendants in the United States at any time since April 22, 2012, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.   The Collective Action Members are similarly situated to Mr. Wang and Mr. Yu in that they were employed by defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18.   They are further similarly situated in that defendants had a policy and practice of knowingly and

willfully refusing to pay them the minimum wage or overtime.

19.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

### FACTS

20.   At all relevant times herein, defendants owned and operated a group of Asian restaurants located in various ShopRite supermarkets in New Jersey, including those located at 1 South Davenport St., Somerville, New Jersey; 318 Lloyd Road, Matawan, New Jersey; and Route 35 & Harmony Road, Middletown, New Jersey.

21.   From approximately April 2012 until March 2015, Mr. Wang was employed by defendants as a cook.

22.   From approximately August 2010 until July 2013, Mr. Yu was employed by defendants as a cook.

23.   At various times, plaintiffs were assigned to various Chapei locations, including each of the Somerville, Matawan, and Middletown locations; defendants would reassign plaintiffs to different locations after a period of approximately six months at one location.

24.   Mr. Wang's and Mr. Yu's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve

executive responsibilities or the exercise of independent judgment about matters of business significance.

25. At all relevant times herein, Mr. Wang and Mr. Yu were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. Mr. Wang and Mr. Yu each regularly worked six days per week, approximately 9½ hours per day.

27. As a result, Mr. Wang and Mr. Yu each routinely worked an average of 57 hours per week.

28. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

29. When plaintiff Wang was hired, he was paid at a fixed rate of $1,500 per month, regardless of the exact number of hours he worked; after approximately six months he received a raise to $1,900 per month, and in April 2014 he received a final raise to $2,200 per month.

30. When plaintiff Yu was hired, he was paid at a fixed rate of $1,300 per month; over the next two years he received periodic raises of a few hundred dollars per month, until he was received a final raise to $2,200 per month in or about April 2012.

31. As a result, at the outset of their employment each plaintiff's effective rate of pay fell below the federal and state statutory minimum wage; in addition, Mr. Wang's effective rate of pay fell below the state minimum wage for several months at the beginning of 2014.

32. In addition to their wages, Mr. Wang and Mr. Yu would occasionally receive bonuses at the discretion of defendants if sales revenues of the restaurant reached certain levels.

33. Plaintiffs were paid once per month; although plaintiffs were paid by check, the checks were regular business checks rather than payroll checks, and plaintiffs did not receive any paystubs with their pay.

34. Defendants willfully failed to pay Mr. Wang and Mr. Yu the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New Jersey Wage & Hour Law, and the supporting federal and New Jersey regulations.

35. Upon information and belief, while defendants employed Mr. Wang and Mr. Yu and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice

explaining the minimum wage and overtime pay rights provided by the FLSA or New Jersey Wage and Hour Law.

36. Due to defendants' deliberate failure to inform plaintiffs and the Collective Action members of their rights under the wage and hour laws, the statutes of limitations in these cases should be equitably tolled.

## COUNT I

### (Fair Labor Standards Act — Minimum Wage)

37. Plaintiffs, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, defendants employed plaintiffs and the Collective Action members within the meaning of the FLSA.

39. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action members for all hours worked.

40. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 206.

41.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

42.   Due to defendants' FLSA violations, plaintiffs and the Collective Action members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New Jersey Wage and Hour Law – Minimum Wage)**

43.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

44.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New Jersey Wage and Hour Law.

45.   At relevant times, defendants had a policy and practice of paying plaintiffs at an hourly rate that was less than the statutory minimum wage pursuant to the New Jersey Wage and Hour Law.

46.   Defendants willfully violated plaintiffs' rights by failing to pay them wages in excess of the minimum wage

in violation of the New Jersey Wage and Hour Law § 34:11-56a1 et seq. and N.J.A.C. §12:56-3-1 et seq.

47. Defendants' failure to pay plaintiffs wages in excess of the minimum wage was willful.

48. Due to defendants' New Jersey Wage and Hour Law violations, plaintiffs are entitled to recover from defendants their unpaid minimum wages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New Jersey Wage and Hour Law.

<u>COUNT III</u>

**(Fair Labor Standards Act - Overtime)**

49. Mr. Wang and Mr. Yu, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, defendants employed plaintiffs and the Collective Action members within the meaning of the FLSA.

51. At all relevant times, defendants had a policy and practice of refusing to pay compensation to plaintiffs and the Collective Action members for hours worked in excess of forty hours per workweek.

52. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action members at

a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to defendants' FLSA violations, plaintiffs and the Collective Action members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New Jersey Wage and Hour Law - Overtime)

55. Mr. Wang and Mr. Yu repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

56. At all relevant times, Mr. Wang and Mr. Yu were employed by defendants within the meaning of the New Jersey Wage and Hour Law.

57. Defendants willfully violated Mr. Wang's and Mr. Yu's rights by failing to pay them overtime compensation at

rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of New Jersey Wage and Hour Law § 34:11-56a1 et seq. and New Jersey Administrative Code N.J.A.C. §12:56-6.1.

58. Defendants' failure to pay overtime was willful and intentional in violation of N.J.S.A. § 34:11-56a1 et seq. and N.J.A.C. §12:56-6.1.

59. Due to defendants' New Jersey Wage and Hour Law violations, Mr. Wang and Mr. Yu are entitled to recover from defendants their unpaid overtime compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the Collective Action members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them

to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey Wage and Hour Law;

c.   An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New Jersey Wage and Hour Law;

e.   Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and the New Jersey Wage and Hour Law;

f.   An award of liquidated damages as a result of defendants' willful failure to pay the minimum

wage and overtime compensation pursuant to 29
U.S.C. § 216;

g.  Back pay;

h.  Punitive damages;

i.  An  award  of  prejudgment  and  postjudgment
    interest;

j.  An award of costs and expenses of this action
    together with reasonable attorneys' and expert
    fees; and

k.  Such  other,  further,  and  different  relief  as
    this Court deems just and proper.

Dated:  April 23, 2015

_____
David Stein (DS 2119)
David Nieporent (DN 9400)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

# 诉讼同意书

## Consent to Sue

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Luo,Jiali and affiliates to pay me, inter alia, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its term.

在下方签字，我同意并授权 SAMUEL & STEIN 律师事务所由我的名义代表我申请和起诉骆佳丽，没有按照纽约州州法及联邦法律要求支付我合法的工资，尤其是，超时工资。 我也同时授权 SAMUEL & STEIN 律师事务所起草这份诉讼同意书，以及使用我的名字做为本案的原告代表，代表其他所有原告一并授权。我已与 SAMUEL & STEIN 律师事务所签署了聘应协议，并同意遵守条款内容。

_____

Wang,Weigang

日期： 2015 年 3 月 18 日

# <u>诉讼同意书</u>

## <u>Consent to Sue</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Luo,Jiali and affiliates to pay me, inter alia, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its term.

在下方签字，我同意并授权 SAMUEL & STEIN 律师事务所由我的名义代表我申请和起诉骆佳丽，没有按照纽约州州法及联邦法律要求支付我合法的工资，尤其是，超时工资。 我也同时授权 SAMUEL & STEIN 律师事务所起草这份诉讼同意书，以及使用我的名字做为本案的原告代表，代表其他所有原告一并授权。我已与 SAMUEL & STEIN 律师事务所签署了聘应协议，并同意遵守条款内容。

于海龙先生

日期： 2015 年 3 月 18 日