UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
————————————————————X

WEIGANG WANG and HAILONG YU,
*on behalf of themselves and others similarly situated*

      *Plaintiffs,*

v.

CHAPEI LLC d/b/a Wok Empire,
SAKER SHOPRITES, INC., SAKER HOLDINGS CORP.,
CHA LEE LO, and JOHN DOES #1-10

      *Defendants.*
————————————————————X

Case No: 15-cv-2215

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
F.R.C.P. 23 CLASS ACTION**

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD DEFENDANTS

Lina Franco, Esq.
John Troy.
Troy Law, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, NY  11355
Tel:  (718) 762-1324
Fax:  (718) 762-1342
johntroy@troypllc.com

1

Table of Contents
PRELIMINARY STATEMENT ................................................................................................ 1
PROCEDURAL HISTORY......................................................................................................... 1
STANDARD................................................................................................................................ 1
ARGUMENT............................................................................................................................... 2
   I.   PLAINTIFFS' PROPOSED AMENDMENT IS NOT FUTILE ........................................ 2
      A.   Plaintiffs have set forth their standings as against all Defendants under the Joint Employer Theory ................................................................................................................ 2
      B.   Plaintiffs' proposed amendment will survive dismissal.................................................... 3
   II.   DEFENDANTS FAIL TO SATISFY THEIR BURDEN TO DEMONSTRATE PREJUDICE................................................................................................................................ 3
   III.   PLAINTIFF ADEQUATELY DEMONSTRATED DILIGENCE................................. 4
CONCLUSION............................................................................................................................ 4

**PRELIMINARY STATEMENT**

Plaintiff, by and through their undersigned counsel, respectfully requests this Honorable Court to grant Plaintiffs' motion for leave to amend, thereby permitting Plaintiffs to file their Proposed Amend Compliant ("PAC"). In their memorandum in opposition to Plaintiffs' motion, Defendants primarily argue that Plaintiffs' PAC would be futile. However, Defendants fail to establish good reason necessary to deny leave because: first, Plaintiffs' PAC would not be futile since Plaintiffs have adequately alleged that all Defendants are their *employer* in the FLSA context; second, Defendants fail to show undue prejudice; and third, Plaintiff has shown diligence. Accordingly, Plaintiffs respectfully request this Court to grant Plaintiffs' motion for leave of Court to file the PAC.

**PROCEDURAL HISTORY**

On April 24, 2015, Plaintiffs filed this action against Defendants for willful violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). In the Original Complaint ("OC"), Plaintiffs allege that Defendants failed to properly compensate themselves and other employees their minimum and overtime wages for all hour worked, while failing to keep records of the time Plaintiffs and other employees worked. *See* Docket No. 1. In the OC Chapei LLC d/b/a Wok Empire, Cha Lee Lo, and John Does #1-10 listed as named Defendants. *Id.* On November 9, 2015, This office substituted and became attorneys for Plaintiffs. *See* Doc No. 12. Upon substitution, this office conducted further investigation regarding this matter, and concluded that there are additional defendants that should be named as Defendants in order for this Court to grant full relief to Plaintiffs. Thus, Plaintiffs moved for leave to amend Complaint. *See* Doc Nos. 17-19. Defendants opposed to this instant motion. ("Def's Memo") *See* Doc No. 22. Plaintiffs respectfully submit this memorandum of law in reply to Defendants' opposition to Plaintiffs' motion to leave to amend the complaint.

**STANDARD**

Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). However, a court "may deny leave for good reason including futility, bad faith, undue delay or

1

undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct 227, 9 L.Ed.2d 222 (1962). In determining whether to grant leave to amend, the lenient standard under Federal Rule of Civil Procedure ("Rule") 15(a) shall be "balanced against the requirement under Rule 16(b) that the [c]ourt's scheduling order shall not be modified except upon a showing of good cause." *Holmes*, 568 F.3d at 334-35; *see* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). To show good cause, a movant must establish diligence. Further, the amendment should not significantly prejudice the non-moving party. *Werking v. Andrews*, 526 Fed.Appx. 94, 96 (2d Cir. 2013). The burden of demonstrating good cause rests with the movant, while the non-movant bears the burden of demonstrating prejudice. *In re Bristol-Myers Squibb Secs. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005).

## ARGUMENT

### I. PLAINTIFFS' PROPOSED AMENDMENT IS NOT FUTILE

Defendants argue that Plaintiffs' motion for leave to amend should be denied on the basis of futility. *See generally* Defs' Memo. Generally, a proposed amendment is deemed futile when it fails to state a cause of action. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Contrary to Defendants' contention, however, Plaintiffs provide a sufficient basis for his wage and hour claim against all Defendants and, therefore, his proposed amendment would not be futile.

### A. Plaintiffs have set forth their standings as against all Defendants under the Joint Employer Theory

*In re Enterprise Rent-a-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462, 469 (2012) set four factors to examine a potential joint employment relationship under the FLSA: (1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

As plaintiffs have stated in their motion for leave to amend the complaint, Plaintiffs were required to work on different locations where all owned by two Additional Defendants. *See* Proposed Am. Compl. ¶¶ 33-43. Furthermore, Plaintiffs have demonstrated that the premises where they are required to work are under control of the Additional Defendants. *Id.* Accordingly, this Court should grant Plaintiffs' motion for leave to amend the complaint.

### B. Plaintiffs' proposed amendment will survive dismissal

Plaintiffs' proposed amendment is sufficient under the liberal notice pleading requirements of Rule 8(a). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed.R.Civ.P. 8(a). Rule 8(a) requires only that a plaintiff plead sufficient facts to "give the defendant fair *notice* of what the … claim is and the grounds upon which is rests." *Id.* (emphasis added). Here, Plaintiffs have put Defendants on notice of the theory of joint employer liability by alleging that, at all times relevant to this action, Additional Defendants had a control over a premise and day-to-day operation of where Plaintiffs were required to work. *See* Proposed Am. Compl. ¶¶ 33-43.

### II. DEFENDANTS FAIL TO SATISFY THEIR BURDEN TO DEMONSTRATE PREJUDICE

Apart from their argument concerning futility, Defendants offer no argument suggesting prejudice. An amendment may be considered prejudicial if it would (i) require a defendant to incur "significant additional resources" to conduct discovery; or would (ii) significantly delay the resolution of the dispute." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014). Even if assuming *arguendo* they could allege so, Plaintiffs' amendment at this stage of litigation would not create significant costs or delay that prejudice Defendants because only a limited scope of expedited discovery was concluded. This Court tends to find an amendment less prejudicial where discovery has not closed. *See e.g. Davis v. Lenox Hill Hosp.*, 03 Civ. 3746(DLC), 2004 WL 1926086, at *4 (S.D.N.Y. Aug. 31, 2004). Even assuming that costs would rise, "allegations that an amendment will require the expenditure of additional [] time, effort or money do not constitute under prejudice." *Chipotle Mexican Grill, Inc.*, 300 F.R.D. at 200; *see also United States v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 889 F.2D

3

1248, 1255 (2d Cir. 1989); *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 414-15 (S.D.N.Y. 2008) (granting leave to amend despite defendant's need to reopen some depositions).

### III. PLAINTIFF ADEQUATELY DEMONSTRATED DILIGENCE

Plaintiffs have demonstrated diligence. *See generally* Plaintiff's Memo in Support of Motion for Leave to Amend the Complaint. Diligence is the primary consideration in the good cause analysis under Rule 16(b). *Chipotle Mexican Grill, Inc.*, 300 F.R.D. at 198. Plaintiffs could not reasonably have met the deadline because plaintiffs did not obtain the information forming the basis of the amendment – existence of additional Corporate Defendants – until after the expiration of deadline as this office replaced sometime after the law-suit was commenced. Further, this delay should not be deemed fatal to Plaintiffs' good cause demonstration because "amendments seeking to insert [] matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986). Accordingly, Plaintiffs have a valid excuse for any delay "such that it does not constitute an undue delay." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 80-81 (E.D.N.Y. 2011).

Defendants further fail to suggest Plaintiffs' dilatory purposes or bad faith. Nonetheless, in their motion to leave, Plaintiffs make a showing that he is seeking to amend complaint in good faith since the new information was revealed in the course of good faith investigation. Also, the court is likely to find no basis of bad faith where there is no undue delay. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 99 (S.D.N.Y. 2010).

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grants Plaintiffs leave of Court to file Plaintiffs' motion to amend the Complaint.

TROY LAW, PLLC

                *Attorneys for the Plaintiffs, proposed FLSA*
                *Collective and potential Rule 23 Class*

                 /s/ John Troy
                 John Troy (JT0481)

        41-25 Kissena Boulevard Suite 119
        Flushing, NY 11355
        Tel: (718) 762-1324
        Fax: (718) 762-1342
        Email: johntroy@troypllc.com

        /s/ Lina M. Franco
        Lina M. Franco, Esq.
        Troy Law, PLLC
        41-25 Kissena Blvd., Suite 119
        Flushing, NY 11355
        Tel: (718) 762-1324
        Fax: (718) 762-1342
        Email: johntroy@troypllc.com