WANG, GAO & ASSOCIATES, P.C.
36 Bridge Street
Metuchen, NJ 08840
Telephone: (732) 767-3020
Facsimile: (732) 343-6880
Heng Wang, Esq. (HW0786)
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WEIGANG WANG and HAILONG YU,<br>On behalf of themselves and all other<br>Persons similarly situated<br>        Plaintiffs,<br><br>v.<br><br>CHAPEI LLC d/b/a WOK EMPIRE,<br>CHA LEE LO, and John Does #1-10<br>        Defendants. | : Civil Action No. 3:15-CV-02950-MAS-DEA |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

---

Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

## Table of Contents

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | |
| | A. PRELIMINARY STATEMENT | 1 |
| | B. PROCEDURAL HISTORY | 1 |
| | C. FACTUAL BACKGROUND | 2 |
| II. | LEGAL ARGUMENT | 2 |
| | A. STANDARD OF REVIEW | 2 |
| |    1. PLAINTIFS' HAVE FAILED TO MEET THE MODEST FACTUAL SHOWING STANDARD | 3 |
| | B. THE MOTION SHOULD BE DENIED GIVEN THE PROCEDURAL POSTURE | 4 |
| | C. THE COURT SHOULD NOT ALLOW THE PLAINTIFF TO SUBMIT NEW FACTUAL INFORMATION | 5 |
| III. | CONCLUSION | 5 |

## TABLE OF AUTHORITIES

**Cases**

Myers v. The Hertz Corp., 624 F.2d 555(2nd Cir. 2010) .................................3

Smyczyk v. Genesis Healthcare Corp., 656 F. 3d 189,194 (3d Cir. 2011).............2

Zavala v. Wal-Mart Stores Inc., 691 F. 3d 527 (3d Cir. 2012) .........................3

**Statutes**

29 U.S.C. § 216(b) ...........................................................................1

## I.   Introduction

### PRELIMINARY STATEMENT

Plaintiff's filed a motion on April 28, 2016 seeking conditional certification and court-authorized notice pursuant to 29 U.S.C § 216(b). Plaintiffs' have incorrectly asserted that they have satisfied the "Modest Factual Showing" standard and thus are entitled to a FLSA collective action. Plaintiffs' motion for conditional certification and court-authorized notice must be denied because they have failed to satisfy the first stage of the two-stage approach for the certification process in a FLSA collective action. Specifically, they have failed to make a "modest factual showing" and thus they are not entitled to be granted conditional certification under 29 U.S.C. § 216(b).

### PROCEDURAL HISTORY

Plaintiffs filed their complaint on April 24, 2015, *see* Doc. No. 1., and Defendants promptly answered on May 19, 2015, *see* Doc No 5. On June 30, 2015 the Court executed the Pretrial Scheduling Order setting forth the deadlines and schedule for this matter.  As per Para. 6 or the June 30, 2015 Order, parties were provided until September 11, 2015 to make, "[a]ny motion to amend the pleadings or join new parties whether by amended or third-party complaint…" Discovery, including depositions were to be completed by November 30, 2015.

On June November 13, 2015 following the entrance of Plaintiffs' present counsel and the November 09, 2015 telephone conference, the Court issued the Revised Scheduling Order extending discovery to February 29, 2016.  Following the telephone conference held on January 27, 2016 the Court issued the Revised Scheduling Order II.

Plaintiffs' then filed a motion on February 8, 2016 for leave to amend complaint to add additional Defendants. *see* ECF Doc. No. 21. On February 22, 2016 Defendants' filed a motion in opposition to Plaintiffs' motion to amend the complaint. *see* ECF Doc. No 22. On April 20, 2016 the Court denied Plaintiffs' motion for leave to amend the complaint. *see* ECF Doc. No. 31. The Court issued a Revised Scheduling Order III dated April 21, 2016. The third Revised Scheduling Order set a date of August 11, 2016 for the Court to conduct the Final Pretrial Conference.

## FACTUAL BACKGROUND

The Defendants' seek conditional certification and court-authorized notice. They rely on factually devoid affidavits of Plaintiffs' in an attempt to meet the burden of showing the named plaintiffs are similarly situated to other employees. The referred to affidavits are annexed to Plaintiff's Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification and Court- Authorized Notice as "Exhibit 2" and "Exhibit 3. "The affidavits relied on are mere legal conclusions, lacking factual assertions to justify their claims.

## II. LEGAL ARGUMENT
### A. LEGAL STANDARD FOR REVIEW FOR MOTION FOR CONDITIONAL CERTIFICATION

The FLSA authorizes an employee to pursue a civil action to recover unpaid overtime on her own behalf as well as on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). District courts have the discretionary power to authorize the sending of notice to potential class member in a collective action brought pursuant to § 216(b). <u>Smyczyk v. Genesis</u>

Healthcare Corp., 656 F. 3d 189, 194 (3d Cir. 2011), rev'd on other grounds, 133 S. Ct. 1523 (2013).

In Symczyk, the Third Circuit established a two stage approach to the certification process in a FLSA collective action. At the first stage, the plaintiff must make a "modest factual showing" for conditional certification to be granted. Id. At 193. Under the "modest factual showing" standard, a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."Id.

In Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 536 n.4 (3d Cir. 2012) the Third Circuit added additional insight into the two-stage certification process by citing approvingly the Second Circuit's decision in Myers: "The Second Circuit has described this initial step as determining whether similarly situated plaintiffs do in fact exist." 624 F.3d at 555.

### 1. PLAINTIFFS' HAVE FAILED TO MEET THE LEGAL STANDARD

In the instant matter, the facts and evidence offered by the Plaintiffs' does not fails to meet the standard for a modest factual showing. Plaintiffs' submit Exhibit 2, Affidavit of Weigang Wang, *see* Doc. No. 33-7, and Exhibit 3, *see* Doc. No. 33-8, Affidavit of Hailong Yu, to support their argument that there has been a showing of "modest factual showing." As explained below, neither Doc. No. 33-7 nor 33-8 satisfy the standard.

In Exhibit 2, Doc No. 33-7, the affirmant states "I know that it is Wok Empire's policy to not pay food preparers and cooks overtime because I have talked with other food preparers and cooks at Wok Empire who told me that they are also not paid overtime." This statement is a mere legal conclusion, without any relevant facts supporting this legal conclusion. Just because

somebody is not paid overtime does not mean they were entitled to overtime, given the various exemptions under the Labor Laws. Because somebody talks to a co-worker does not specify their hours, how they were paid, whether the employer's procedure is the same at different locations, how they maintain time records, pay records, etc. The Affirmant has provided no actual support sufficiently detailing the conversation with his co-workers. The mere statement that nobody was paid overtime, which is a bare bone legal conclusion, cannot be any support for a conclusion that others are similarly situated as him.

In Exhibit 3, Doc No. 33-8, word for word, recites the same statement as the Affirmant in Doc No. 33-7, "I know that it is Wok Empire's policy to not pay food preparers and cooks overtime because I have talked with other food preparers and cooks at Wok Empire who told me that they are also not paid overtime." As stated above, this is a legal conclusion. In no sense can this statement be manipulated to represent that others are similarly situated as him.

Thus, these affidavits themselves do not contain a modest factual showing for conditional certification to be granted. They merely recite legal conclusions without any factual showing to support the conclusion. As such, Plaintiffs' have failed to make a modest factual showing and accordingly their motion for conditional certification and court-authorized notice must be denied.

### B. THE MOTION SHOULD BE DENIED GIVEN THE PROCEDURAL POSTURE

Generally, under a FLSA collective action the paperwork is filed early so the Court and Defendant can address the issues in a timely matter. However, in the instant matter, the Court has issues three (3) Scheduling Orders. The most recent states the parties' written discovery requests must be served by April 27, 2016; Responses to written discovery requests must be served by

May 31, 2016; Deposition Notices will be served by June 6, 2016 and all depositions must be completed by July 15, 2016; and the Court will conduct the Final Pretrial Conference on August 11, 2016 at 2:00 P.M.

Final Pretrial Conference is less than three (3) months away. The case is almost over. Now the Plaintiff has made a motion for conditional certification. Allowing Plaintiff to do so will unnecessarily prolong the proceeding, which is unfair and unjust. The Plaintiff waited until last minute to file these papers when there was plenty of time to do it previously that would not have caused an unnecessary delay in the proceeding. Accordingly, the motion should be denied considering the procedural posture of the case.

### C. THE COURT SHOULD NOT ALLOW PLAINTIFF TO SUBMIT NEW FACTUAL INFORMATION

The court should not allow the Plaintiffs' to submit new information, such as additional affidavits, because it must be included in the moving papers. Defendants' would not be afforded the opportunity to respond if the court would allow the Plaintiffs' to include new information. Thus, all information not included in the moving papers should not be permissible to be added to any of the court documents.

### III. CONCLUSION

The instant motion is without any factual and legal basis. For all the reasons aforementioned, the Court should deny Plaintiffs' motion for conditional certification and court-authorized notice.

                                      Respectfully submitted,

Dated: May 19, 2016              s/ Heng Wang
                                      Heng Wang, Esq. (HW0786)
                                      *Attorneys for Defendants*
                                      **WANG, GAO & ASSOCIATES, P.C.**
                                      36 Bridge Street
                                      Metuchen, NJ 08840
                                      (t): (732) 767-3020
                                      (f): (732) 343-6880
                                      (e): *heng.wang@wanggaolaw.com*

WANG, GAO & ASSOCIATES, P.C.
36 Bridge Street
Metuchen, NJ 08840
Telephone: (732) 767-3020
Facsimile: (732) 343-6880
Heng Wang, Esq. (HW0786)
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WEIGANG WANG and HAILONG YU, On behalf of themselves and all other Persons similarly situated     Plaintiffs, <br><br> v. <br><br> CHAPEI LLC d/b/a WOK EMPIRE, CHA LEE LO, and John Does #1-10     Defendants. | : Civil Action No. 3:15-CV-02950-MAS-DEA |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880