**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

July 14, 2016

<u>VIA ECF</u>
The Honorable Douglas E. Arpert, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

RE: **Plaintiffs Letter Motion Requesting that the Court Compel Discovery, Scheduled Depositions, and Sanction Defendants' Counsel**
   *Wang et al. v. Chapei LLC et al., 15-CV-02950-MAS-DEA*

Dear Judge Arpert:

  Pursuant to Rule 37 of the Federal Rule of Civil Procedure, Plaintiffs Wang and Yu, through their undersigned counsel, hereby move this Court to compel Chapei LLC d/b/a Wok Empire and Cha Lee Lo to produce answers to Plaintiffs' First Set of Interrogatories as well as to respond to Plaintiff's First Request for Production of Documents. Plaintiffs also move for Defendants to be sanctioned for failure to act under Rule 37(d)(2) and for defaulting the reset discovery schedule. Accordingly, Plaintiffs also request that the Court adjourn the deadline to complete depositions and schedule a deposition at a time convenient to the Court. Additionally, Plaintiffs' move that Defendants' counsel Heng Wang, be further sanctioned by the Court for failure to conduct discovery in good faith. If appropriate, Mr. Wang's conduct should be referred to the Attorney Disciplinary Committee for review, and if deemed necessary, discipline.

  Defendants' have failed to produce responses to discovery and have instead resorted to low-brow antics and legal gamesmanship in an attempt to stymie litigation. Mr. Wang's fondness for one-sided procedural pedantry—wherein he refuses to litigate because of actual and perceived procedural slights—dates back to before the Settlement Conference before Your Honor. Conveniently, Mr. Wang believes himself above such rules. Most damning of all, has been Mr. Wang's communications immediately after the failed Settlement Conference. In this chain of emails, Mr. Wang heatedly promises to "make every step difficult for you" and that "even if they abandon the case, your judgment will remain as a piece of paper forever". *See* Exhibit 1. Mr. Wang's proclamation has manifested itself in a lack of good faith reflected in every step of the discovery process.

Plaintiffs' counsel first sent out discovery requests, on April 26, 2016 by mail. Prior to being sent out, these requests were scanned and emailed to Defendants' Counsel. The scanned copies and accompanying metadata are attached to this motion. *See* Exhibits 2-4. Though responses were originally due on May 31, 2016, both parties stipulated that the responses would be due June 14, 2016. On June 7, 2016, six (6) weeks after Plaintiffs had sent out discovery requests, Mr. Wang informed Plaintiffs that he had supposedly "never received discovery demands" and that he objected to Plaintiffs' service through email. Plaintiffs responded that physical copies had been mailed out on the same day as the scanned email copies he was objecting to. Plaintiffs' counsel initially requested that, Mr. Wang double check his files for the discovery requests, but once it became evident that Mr. Wang would never admit that proper copies had been served, new copies were mailed out via certified mail so there would be no question as to whether they had been received. *See* Exhibit 4.

During the same period, Notices of Depositions were also sent out by Plaintiffs. On June 6, 2016, a staffer for Plaintiffs' counsel mistakenly tried to serve two Notices of Deposition to Defendants' Counsel through only email. Mr. Wang objected to the manner in which they were served and their content. The Notices of Deposition were quickly edited and re-mailed for proper service. *See* Exhibit 4. This would be the only time that Mr. Wang would properly object to the Notices of Depositions.  During later phone calls between the offices of both counsels, Mr. Wang would simply blanket object to Plaintiffs' Notices of Depositions without giving an accompanying rule or narrowing down his objections. On June 23, 2016, an email was sent to Mr. Wang's office notifying him that all Depositions would be adjourned until discovery responses were received by Plaintiffs. No Notices of Deposition from Defendants were ever received by Plaintiffs.

Counsel for Plaintiff certifies that, pursuant to Rule 37(d)(1)(B), it has requested the information multiple times and tried to confer in good faith with Defendant in an effort to secure the requested information and documents without court action. In late June, Plaintiffs called Mr. Wang's office and spoke with one of his associates. She asked if Plaintiffs had received Defendants responses, and when informed by Plaintiffs that they had not, she said the responses would be sent soon. Plaintiffs' counsel called again a week later and was then informed that Defendants' responses were incomplete and would be sent out when completed. Again, on July 1, 2016 Plaintiffs called Mr. Wang's office twice, several hours apart, but were told both times that he was out for lunch. On July 6, 2016, a final warning was sent to Mr. Wang in an attempt to confer and fix the outstanding discovery issues. Faced with the threat of Court action, Mr. Wang finally responded over 24 hours later, and notified Plaintiffs that he had just "just received additional information" and that he would put it together and send it out within a few days. With the July 15, 2016, deadline in mind, Plaintiffs promptly responded to Mr. Wang that unless he could produce by July 8, 2016, at 5:00P.M. Plaintiffs would have no choice but to write to the Court. Mr. Wang replied by placing the blame on Plaintiffs for his tardiness with discovery and by bringing up issues with the Notices of Deposition that were fixed long before. Mr. Wang also said that Defendants' responses to discovery would be sent out "early next week". As of the writing of this letter, Plaintiffs have yet to receive any responses to discovery and are incredulous that any such responses will be sent or received—if at all—in time to properly conduct depositions. *See* Exhibit 5.

Plaintiffs have lost all faith in Mr. Wang's ability to conduct discovery in good faith. Every good faith attempt to conduct discovery and further this case by Plaintiffs is rebuffed, mischaracterized, or ignored, based on Mr. Wang's warped sense of entitlement and disregard for both proper attorney conduct and the Federal Rules of Civil Procedure. For the aforementioned reasons, Plaintiffs respectfully request that the Court intercede, compel discovery responses from Defendants, schedule depositions of Defendants, and sanction Mr. Wang. Plaintiffs apologize for any inconvenience to the court.

Plaintiffs thank the Court for its consideration on this matter.

Respectfully submitted,
TROY LAW, PLLC
*Attorneys for Plaintiffs*

 s/ John Troy
John Troy, Esq.*
(admitted *pro hac vice*)

and

s/ Lina Franco
Lina M. Franco, Esq.
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@troypllc.com

*VIA ECF*
CC: Heng Wang, Esq.
    Wang, Gao & Associates, P.C.
    *Attorneys for Defendants*