36 Bridge Street
Metuchen, NJ 08840
Telephone: (732) 767-3020
Facsimile:  (732) 343-6880

*Knowledge, Focus, Expertise*

**WANG, GAO &
ASSOCIATES P.C.**

August 1, 2016

**VIA ECF**
Hon. Douglas E. Arpert, U.S.M.J.
United States District Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

Re: Weigan Wang, et al. v. Chapei, LLC, et al
    Case No. 15-cv-02950
    <u>Response to Plaintiff's Discovery Motion &</u>
    <u>Cross-motion to Sanction Plaintiff's Counsel</u>

Dear Judge Arpert,

This firm represents Defendants in the above referenced matter. I write in response to the letter motion filed by the plaintiffs regarding certain purported discovery issue and cross move the Court to impose sanctions on the plaintiff's counsel John Troy.

**A. The Alleged Delay In Discovery, If Any, Was Caused By Mr. Troy's Sloppy Practice And Repeated Violation of the Procedural Rules. Plaintiffs' Motion Should Be Denied.**

1.  <u>The Interrogatories and Document Production Requests</u>

The Court is familiar with the plaintiffs' counsel John Troy's sloppy practice. Mr. Troy is a New York lawyer. Before he was admitted through a *pro hac vice* motion, he personally signed a set of discovery requests and demanded responses from Defendants. Technically Mr. Troy's conduct constitutes unauthorized practice of law in New Jersey, which carries certain consequences. In addition, those discovery demands were forwarded to Defendants' counsel via email, despite the lack of a stipulation consenting to such manner of service.

Mr. Troy's violations of the procedural rules were addressed at the last court appearance at April 20, 2016. However, the Court gave him another chance and issued an

1

order extending discovery one more time and stating that "*no further extensions will be provided.*" (**Exhibit 1**)

On April 26, 2016, despite my prior objections, Mr. Troy's office, again, forwarded discovery demands to the undersigned via email. (see **Exhibit 2**, Mr. Troy's April 26, 2016 email) Given our prior specific objections, Mr. Troy's violation of the rules, again, can only be interpreted as willful and intentional. In my June 7, 2016 email, I informed Mr. Troy that we never received his discovery demands served in accordance with the rules, and once again, reminded him of our previous objections to informal service. (see **Exhibit 2**, the undersigned's June 7, 2016 email) In response, Mr. Troy conveniently claimed that his office also mailed the hard copies to us at the same time when they "served" the discovery demands via email. However, we never received the hard copies as Mr. Troy claimed. We can reasonably conclude that he did not send them. His April 26, 2016 email also apparently did not indicate that his office already sent out the hard copies, or at least intended to serve hard copies soon.

After Defendants' repeated objections, Mr. Troy eventually was willing to mail to the Defendants hard copies of the discovery demands, which my office received on June 13, 2016. His service was about 1.5 month late pursuant to the Court's April 21, 2016 Order. Unbelievably, now the Plaintiffs are complaining about delay in discovery. Even assuming Mr. Troy's violation of the court order is not an issue, the deadline for us to serve our responses would be July 13, 2016. Due to my work in New York that required my substantial time and efforts, my office actually sent out the discovery responses on July 15, 2015, 32 days after receipt of Plaintiffs' discovery demands which were properly served for the first time. There is nothing for Plaintiffs to complain about.

I am not aware that Mr. Troy's office called me twice on July 1, 2016 as I only recall there was one phone call from Mr. Troy's office. Nor am I aware of any rule that requires me to return a call from a very unfriendly and unprofessional opposing counsel. I do remember once I called Mr. Troy's office in an attempt to discuss the case with Lina M. Franco, Esq., the other attorney that also represents the plaintiffs. However, an employee of Mr. Troy informed me that she had no idea who Ms. Franco was, although apparently Ms. Franco has been listing the same address as Mr. Troy's in the plaintiffs' court papers. I recall once Mr. Troy told me that his 2-attorney law office had over 70 FLSA cases in New Jersey, although apparently no attorney at his office was even admitted to practice before this Court. Despite the difficulties he may have, it is Mr. Troy's job to ensure all papers are properly served, to say the least. The defendants have no obligation to assist him.

The Defendants' responses to the Interrogatories and Document Production Requests were merely 2 days late. There is no prejudice to the Plaintiffs. Now that the Defendants have promptly responded to the discovery demands that were not properly served until June 13, 2016, the Court should find that the Defendants have complied with the Plaintiffs' discovery requests.

2.    The Deposition

The Plaintiffs also want to depose my client. However, Mr. Troy unreasonably demanded that my client, a New Jersey resident, and her New Jersey counsel to go to his New York office in Flushing, New York for a deposition for this litigation case pending in a New Jersey court. (**Exhibit 3**) After Defendants objected to his deposition notice, Mr. Troy retreated from his position.

In addition, Rule 30(d)(1) states that "a deposition is limited to 1 day of 7 hours." However, Mr. Troy insisted to have a "from day to day" deposition that would allow him to conduct a very burdensome and prolonged deposition extending to multiple days. It was not until July 27, 2016, about two weeks after his deadline to conduct depositions, did Mr. Troy first show a willingness to follow the 7-hour rule, which was too late.

Moreover, on June 23, 2016, through email, Mr. Troy instructed that he would adjourn my client's deposition because he allegedly needed to review our discovery responses first. However, as explained above, it is Mr. Troy's own fault that caused him not to be able to receive discovery earlier.

The Defendants attempted to meet and confer with the Plaintiffs regarding a potential discovery motion that Mr. Troy threatened to file. In good faith, the Defendants offered to continue discovery outside the discovery period, including my client's deposition, in exchange for the Plaintiffs' withdrawal of their letter motion. (**Exhibit 4**) However, the Defendants' offer was rejected by the plaintiffs, and now the offer is no longer on the table.

To the extent that there is any delay in discovery, it was only caused by Mr. Troy's sloppy practice and blatant disregard of the procedural rules. The Court has been very generous in terms of providing additional time for the parties to conduct discovery. There is no reason to provide another discovery extension after multiple ones have been provided, especially given that (1) the delay, if any, was caused by Mr. Troy's own sloppy practice and repeated violations of the rules, and (2) Mr. Troy failed to follow the Court's case management order requiring him to promptly address discovery issues. In fact, he waited until the last minute to file his baseless letter motion. Therefore, the Court should deny Mr. Troy's request for another extension for him to conduct deposition.

## B. The Court Should Sanction the Plaintiffs' Counsel

Mr. Troy is a lawyer that cannot care less about professional ethics and procedural rules. Mr. Troy improperly attached an email from the undersigned, which was part of the parties' 408 communication and thus not admissible pursuant to Rules of Evidence. We should not assume that Mr. Troy is not aware of Rule 408. His violation of the rules is apparently, again, willful. Additionally, there is nothing improper about my comments in the email. It is indeed my job as a defense lawyer to make it difficult for the Plaintiffs because otherwise I would breach my duty owed to the client. It is also a fair comment that in my opinion, even if the Plaintiffs can get a judgment, it will remain as a piece of

paper. As I reported to the Court, I learned that my client's business was bad and she had just lost her only property in foreclosure shortly before the last court appearance.

Mr. Troy's motion is misleading, dishonest, and unnecessary. On July 13, 2016, in response to Mr. Troy's purported discovery issues, I sent an email to him wherein I told him that the discovery responses were on the way and I was willing to work with him to schedule the deposition so that the Court did not need to be burdened with another application. Supposedly, that would take care of all his purported issues, although the Defendants are not obligated to offer to do so in light of the history of this dispute. It is worth noting that Mr. Troy hid my July 13, 2016 email from Court when he filed his motion at the last minute on July 14, so as to enable him to paint an unfair picture of Defendants as "bad guys." It is also worth noting that he misrepresented to the Court about Lina Franco, Esq., who is not really associated with his law office per his employee. Moreover, Mr. Troy previously personally signed discovery demands without proper authorization when he was a New York lawyer not admitted to practice before this Court. Further, Mr. Troy willfully attached 408 communication to his motion, which is another blatant willful violation of the rules. For these reasons, the Court should not only deny his misleading and unnecessary motion but also impose appropriate sanctions on Mr. Troy for his repeated willful violations of procedural rules and attorney ethics rules.

For the reasons stated above, it is respectfully requested that the Court deny the Plaintiffs' letter motion in its entirety, and refer Mr. Troy to Attorney Disciplinary Committee for review and investigation or otherwise sanction him for his improper conduct.

Respectfully submitted,

s/ Heng Wang
Heng Wang, Esq.
Counsel for the Defendants

4

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WEIGANG WANG, et al., | : | Civil Action No.  15-2950 (MAS) |
| Plaintiff, | : | |
| v. | : | **REVISED SCHEDULING ORDER III** |
| CHAPEI, L.L.C., et al., | : | |
| Defendants. | : | |

This matter having come before the Court during a settlement/status conference on April 20, 2016; and for the reasons set forth on the record;

IT IS on this 20th day of April 2016,

ORDERED THAT:

1. The Parties' written discovery requests must be served by <u>April 27, 2016.</u>

2. Responses to written discovery requests must be served by <u>May 31, 2016.</u>

3. Deposition Notices must be served by <u>June 6, 2016</u> and all depositions must be completed by <u>July 15, 2016.</u>

4. Any failure to comply with the deadlines set forth herein must be promptly reported, in writing, to the Court.  Failure to do so may result in waiver of any objection. Likewise, the failure to timely comply with discovery obligations may result in the imposition of sanctions.

5. The Court will conduct the Final Pretrial Conference on <u>August 11, 2016</u> at <u>2:00 P.M.</u>

6. Trial counsel are directed to meet no later than ten (10) days before the date of the Final Pretrial Conference to:

a.  discuss settlement;

b.  stipulate to as many facts and issues as possible;

c.  prepare a Final Pretrial Order in the form and content as required by the Court;

d.  examine all exhibits and documents proposed to be used at trial; and

   e.  **complete all other matters which may expedite
both the pretrial and trial of the case.**

7.  **For reasons set forth on the record, no further extensions will be provided.**


*s/ Douglas E. Arpert*_____
**DOUGLAS  E. ARPERT**

**United States Magistrate Judge**

# EXHIBIT 2

**Heng Wang**

| | |
|---|---|
| **From:** | Heng Wang [heng.wang@wanggaolaw.com] |
| **Sent:** | Thursday, June 09, 2016 6:24 PM |
| **To:** | 'Troy Law' |
| **Subject:** | RE: Wang et al. v. Chapei LLC et al. 15-cv-2950 - Discovery Requests |

Mr. Troy, I don't have your discovery requests purportedly mailed to me.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Wednesday, June 08, 2016 9:42 AM
**To:** Heng Wang
**Cc:** John Troy; Lina Franco
**Subject:** Re: Wang et al. v. Chapei LLC et al. 15-cv-2950 - Discovery Requests

Dear Mr. Wang:

We have mailed the discovery request on the date we have emailed you.
Please check the file again.

Thank you.

John Troy
/gb

1

**TROY LAW**
*Attorneys & Counselors at Law*
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, Linsen N. Rd., Zhongshan Dist., Taipei City 104, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所
*Our firm does not accept paper or fax correspondence, including service and
production of documents, which must be sent by e-mail*

On Tue, Jun 7, 2016 at 5:37 PM, Heng Wang <heng.wang@wanggaolaw.com> wrote:

Mr. Troy,

I search the case file again and confirmed that we have never received your discovery demands served in accordance with the rules. We have never consented to service by email, and in fact, I previously objected to your informal service.

--

Heng Wang, Esq.

Wang, Gao & Associates, P.C.

36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000

New York, NY 10007

Tel: (646) 543-5848

Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please

notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

---

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Tuesday, April 26, 2016 2:31 PM
**To:** Wang Gao Law
**Cc:** John Troy
**Subject:** Re: Wang et al. v. Chapei LLC et al. 15-cv-2950 - Discovery Requests

Dear Mr. Wang:

Please find attached the following : (1) Plaintiffs' First Request for the Production of Documents; (2) Plaintiffs' First Request for Interrogatories for the above referenced case.

Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, Defendants' responses are due on or before May 26, 2016.

Best regards,

John Troy

/gb

## TROY LAW
*Attorneys & Counselors at Law*
Queens:  41-25 Kissena Blvd., Suite 119, Flushing NY 11355. Tel: (718) 762-1324
Taipei:  372 LinSen N. Road, Suite 1100, Taipei 10446 Tel: (886+2)-2571-2572

蔡鴻章 律師事務所

*Our firm does not accept paper or fax correspondence, including service, and*

*production of documents, which must be made by emailing a PDF.*

# EXHIBIT 3

**Heng Wang**

| | |
|---|---|
| **From:** | Heng Wang [heng.wang@wanggaolaw.com] |
| **Sent:** | Tuesday, June 07, 2016 5:25 PM |
| **To:** | 'Troy Law' |
| **Subject:** | RE: Chapei Notice of Depositions |

Mr. Troy,

Your deposition notices are rejected for multiple reasons: (1) I object to the manner and timing of the service. (2) I will not produce my client to be deposed in NY. This is a NJ case. My client is in NJ. The evidence is in NJ. The place of employment was in NJ. My client will not go to NY for a deposition. It has to be in NJ. You can come to my office to depose her. (3) the content of your deposition notices does not comply with the federal rules of civil procedure.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Monday, June 06, 2016 6:06 PM
**To:** Troy Law; Wang Gao Law
**Subject:** Chapei Notice of Depositions

Counsel,

Please find the attached depositions.

Best,

John Troy
/ic

1

# EXHIBIT 4

| | |
|---|---|
| **From:** | Heng Wang |
| **To:** | "Troy Law" |
| **Subject:** | RE: Wang et al v. Chapei et al. |
| **Date:** | Monday, August 01, 2016 12:39:00 PM |

Mr. Troy,

Our position is that you are not entitled to the tax returns. There is case law concerning discoverability of tax returns. This is not an issue in your motion, so I don't think we are required to respond. This issue has to be fully briefed if that's what you want and if the Court allows it.

I offered to continue doing discovery with you, including my client's deposition, outside the discovery period, in exchange for your withdrawal of your baseless discovery motion. Despite my repeated requests, you have not confirmed that you will withdraw the motion. Mr. Troy, you don't have a right to do discovery outside discovery period. I was trying to work with you; that's all. I request that you confirm by 3 pm today that you will withdraw your motion, and you will get what you want. Otherwise, our offer will be off the table, and we will let the Court decide the issue since that's what you insist to do. Your initial discovery demands weren't signed by an attorney admitted to practice in New Jersey federal courts, which was very eye opening. Your service by email was invalid. Unbelievably after I clearly objected to it on the record, you would still continue that practice. You eventually sent hard copies of the discovery demands not too long before the discovery end date, which we responded in due course. You requested to adjourn my client's deposition to a future date to be determined. You disregarded procedural rules concerning depositions such as location and time limit, and it was not until sometime after discovery end date did you first show a willingness of following the rules. In our response, we will request sanctions if we are forced to respond to your baseless motion.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Wednesday, July 27, 2016 6:13 PM
**To:** Heng Wang; Troy Law
**Subject:** Re: Wang et al v. Chapei et al.

Mr. Wang,

The phrase "day to day" refers to the fact that the deposition can be adjourned, or if it takes longer than the period of time blocked off for it, it can continue to the next day. It does not attempt to surpass the limits of FRCP 30(d)(1). Also, we will need the tax returns of Chapei to be supplemented to us. You cannot dispute the 500k in gross revenue, put the amount in contention and not produce the tax returns. Please give us a day that your client can be deposed before August 15 and we can move forward with the case.

## TROY LAW

### Attorneys & Counselors at Law

Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所
*Our firm does not accept paper or fax correspondence, including service and production of documents, which must be sent by e-mail*

On Wed, Jul 27, 2016 at 3:01 PM, Heng Wang <heng.wang@wanggaolaw.com> wrote:
Mr. Troy, do you still insist to do a "from day to day" deposition? Will you withdraw your motion?

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Wednesday, July 27, 2016 2:00 PM
**To:** Heng Wang
**Cc:** ashley.pappas@wanggaolaw.com
**Subject:** Re: Wang et al v. Chapei et al.

Mr. Wang,

When would it be convenient for you and your client to appear for a deposition? In New Jersey of course.

### TROY LAW
#### Attorneys & Counselors at Law
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所
*Our firm does not accept paper or fax correspondence, including service and production of documents, which must be sent by e-mail*

On Tue, Jul 26, 2016 at 6:24 PM, Heng Wang <heng.wang@wanggaolaw.com> wrote:
Mr. Troy,

I'm following up my July 13 email which I thought had resolved all your purported discovery issues. The email was sent before you filed your discovery motion, and you purposefully hid my email from the judge. I don't understand why you still filed your baseless motion, to make me "look bad"?

You didn't bother to respond to my email below, so I'm following up. Now that you have received our discovery responses provided pursuant to the rules, and as I indicated before I'm willing to cooperate with you to schedule my client's deposition. You have agreed to depose my client in NJ. If you also agree to follow the rules regarding the amount of time permitted for a deposition, then we are good to go. My client requires a mandarin interpreter. Please order one for my client.

To the extent there was any discovery problem, it was caused by your sloppy practice and repeated violation of the procedural rules. When your sloppy practice caused any issues, don't blame your adversary. In any event, given that there is no issue for the court to decide, I ask you to please withdraw your motion which you had no basis to file in the first place. If you still have anything to talk about, let's meet and confer and I will be happy to discuss. If I'm forced to respond to your baseless motion, however, I will seek sanctions. Please be guided accordingly.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840

Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

---

**From:** heng.wang@wanggaolaw.com [mailto:heng.wang@wanggaolaw.com]
**Sent:** Wednesday, July 13, 2016 10:54 PM
**To:** Troy Law
**Cc:** ashley.pappas@wanggaolaw.com; heng.wang@wanggaolaw.com
**Subject:** RE: Wang et al v. Chapei et al.

Mr. Troy,

I'm weary of your baseless accusation. We are doing discovery in good faith. It is you that have repeatedly violated the procedural rules, then turned around and baselessly blamed us for not responding to your discovery demands that were either not properly served despite my prior objections or defective on its face. The rules are designed for the litigants to follow, but you can't care less about it. To the extent that your sloppy practice caused any delay, don't blame us for it.

As I said, there is no reason to compel people to do what they have agreed to do. The discovery is on the way to you. I will work with you to schedule my client's deposition, but it'll be in NJ and you will have only the amount of time permitted by the rules, instead of a "from day to day" deposition that you wish but the rules do not permit. I will be fully cooperative as long as you follow the rules. I suppose this will resolve all your purported issues.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

-------- Original Message --------
Subject: Re: Wang et al v. Chapei et al.
From: Troy Law <troylaw@troypllc.com>
Date: Wed, July 13, 2016 5:18 pm
To: Heng Wang <heng.wang@wanggaolaw.com>, Troy Law <troylaw@troypllc.com>
Cc: ashley.pappas@wanggaolaw.com

Mr. Wang,

That extension was mutually agreed upon. Also, how on earth does that cause further delay? It is an extension. It does us no good to receive discovery responses a day or so before depositions are due.

The notices of deposition were fixed and mailed to you after you objected to the first set. No one is trying to depose your client in New York, they state that the deposition would be in New Jersey. We have not set a firm location because deposing in New Jersey would require us to use a conference room from the Court Reporting Aervices, and we are disinclined to pay for a Court Reporter and conference room too far in advance given your behavior. The only imaginable thing you have left to object to is that they do not list through what means the depositions would be recorded, which is stenographic, if you must know. We are tired of your tactics. For someone who purports to be enamored with the Local Rules of New Jersey and the Federal Rules of Civil Procedure, you seemed disinclined to follow them at every turn. You have not conducted a single aspect of discovery in good faith, and thus Plaintiffs are turning to the Court.

-John Troy
/ic

### TROY LAW
*Attorneys & Counselors at Law*
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572
蔡鴻章律師事務所
*Our firm does not accept paper or fax correspondence, including service and*

*production of documents, which must be sent by e-mail*

On Fri, Jul 8, 2016 at 5:43 PM, Heng Wang <heng.wang@wanggaolaw.com> wrote:
Mr. Troy,

I don't take blame from you. We are doing discovery in good faith. This short delay was caused at least in part by your own request for an extension. We are finalizing the discovery responses and will send them over to you early next week. There is no need to compel people to do what they have agreed to do.

I will not produce my client for deposition unless and until you comply with the procedural rules. She will not be deposed day to day until  you have asked all your questions. This is a New Jersey case. We will not send her to a deposition in New York. If you are willing to come to my office for the deposition, I will entertain it after you fix other issues related to your deposition notice.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its attachments.

_____

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Thursday, July 07, 2016 5:14 PM
**To:** Heng Wang; Troy Law
**Subject:** Re: Wang et al v. Chapei et al.

Mr. Wang,

Unless we receive substantial discovery responses via email in PDF format by 5:00PM Friday July 08, and you can produce your client

Cha Lee Lo by 07/14/2016 to be deposed in NJ, we will write to the Court. We have been trying for three weeks to get our responses from you and you continue to delay. The deadline for paper discovery was set by the Court over a month ago. We need to be done with depositions by July 15. Unless you can provide discovery within the aforementioned timeline or have an incredibly good explanation as to why the Court should grant another extension of time (when it has already said that it would not during the April 20 Conference), we feel like we have no choice but to write to the court. You are doing the same delaying tactics as before and we have tried in Good Faith to reach the deadlines set by Judge Arpert.

-John Troy
/ic

### TROY LAW

***Attorneys & Counselors at Law***

Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所

*Our firm does not accept paper or fax correspondence, including service and*
*production of documents, which must be sent by e-mail*

On Thu, Jul 7, 2016 at 3:12 PM, Heng Wang <heng.wang@wanggaolaw.com> wrote:

Mr. Troy, I just received additional information. I will put them together and send it to you in a couple of days.

--
Heng Wang, Esq.

Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 343-6880

305 Broadway, Suite 1000
New York, NY 10007
Tel: (646) 543-5848
Fax: (646) 572-8998

www.wanggaolaw.com

NOTE: This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at (732) 767-3020, or e-mail at info@wanggaolaw.com, and immediately delete this message and all its

attachments.

---

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Wednesday, July 06, 2016 12:56 PM
**To:** Wang Gao Law; Troy Law
**Subject:** Wang et al v. Chapei et al.

Mr. Wang,

On July 1, 2016 this office called you twice and were told each time that you were at lunch even though the calls were placed hours apart. We have also not received any kind of response from our June 23, 2016 email delaying depositions of your clients as we have not yet received any responses to our discovery requests that were re-served to you via mail. You also did not clarify what specific and timely objections you had with our depositions so that we could correct them. We would like to remind you that the deadline to complete depositions is July 15, 2016. May we please confer about the status of your responses and depositions? If not, we will be forced to write to the Court.

Regards,

John Troy.
/ic

## TROY LAW
### Attorneys & Counselors at Law
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572
蔡鴻章律師事務所
*Our firm does not accept paper or fax correspondence, including service and production of documents, which must be sent by e-mail*