**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

August 5, 2016

<u>VIA ECF</u>
The Honorable Douglas E. Arpert, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   RE:       **Plaintiffs Letter Reply and Opposition to Defendants' Cross-Motion to Sanction**
              <u>*Wang et al. v. Chapei LLC et al.*, 15-CV-02950-MAS-DEA</u>

Dear Judge Arpert:

      Plaintiffs, Weigang Wang and Hailong Yu, through their undersigned counsel, submit this letter opposition to Defendants' cross-motion to sanction. Defendants' cross-motion and opposition characterizes Plaintiffs' initial motion as misleading, dishonest and unnecessary. Not only is this untrue, but it is Defendants' cross-motion and opposition that is replete with misstatements both of fact and of law. Defendants' letter is yet another example of their fanciful belief that the extreme delay in this case is somehow the fault of Plaintiffs.

      As an initial matter, Defendants argue that Plaintiffs never sent discovery requests by mail on April 26, 2016. This argument is entirely without merit. Defendants make a lot out of the affidavits of service sent with the electronic copies of the discovery requests stating that the requests were sent by electronic means, so much so that they filed an additional letter. However, to borrow one of Defendants' favorite phrases, Plaintiffs were under no obligation to state service by mail in these affidavits nor did the affidavits state that electronic means was the only method of service. Moreover, logically, it does not make sense to list in an affidavit of service attached to an email copy that service was made by mail.

      In fact, as demonstrated in Plaintiffs' initial motion, Plaintiffs did send the requests via mail and, further, it is highly likely that Defendants received them. On May 31, 2016, Defendants agreed to a mutual extension of time to respond to discovery requests. *See* email attached as "Exhibit 6." This is a curious action if Defendants had not received Plaintiffs' requests as there would be nothing to extend.

Furthermore, as Defendants' state in their opposition and cross-motion, the Court's scheduling order required discovery issues to be promptly raised with the Court. (Considering their actions in this case the fact that Defendants make this point would be comical if it wasn't so serious.) According to the Court's scheduling order, discovery requests were required to be sent out by April 27, 2016. If Defendants had not in fact received Plaintiffs' discovery requests they should have raised the issue back then, not in early June, a month and a half after the Court's deadline and a week after agreeing to extend the deadline for discovery responses. The reason they did not do so is simple. It is because they received the discovery requests at the end of April.

Defendants' also raise a new issue regarding the language of Plaintiffs' Notices of Deposition. Defendants take issue with the language "from day to day," stating that this would allow Plaintiffs "to conduct a very burdensome and prolonged deposition extending to multiple days." It is important to note that the first time that Defendants stated their objection to the Notices of Deposition with specificity was in an email on July 13, 2016, attached as Defendants' Exhibit 4 to their opposition and cross-motion. Regardless, the objection is baseless. The language that Defendants take issue with, quoted in full, states that "[t]he taking of this deposition may continue from day to day, or be adjourned to a date as may be agreed upon, until completed." The language is clear. It means that the deposition may be adjourned. It does not, in any way, mean that the Plaintiffs intend to violate the Rules of Civil Procedure.

In regards to their cross-motion, Defendants' argue that, somehow, because they stated that their discovery responses were "on the way" one day prior to Plaintiffs' motion and two and a half months after Plaintiffs initially mailed their discovery requests, Plaintiffs motion was unnecessary. Nothing could be farther from the truth. As discussed in great detail in Plaintiffs' motion, Plaintiffs have every reason to disbelieve statements made by Defendants' counsel, Heng Wang, concerning the status of discovery. Indeed, Mr. Wang has previously misrepresented the status of discovery before the Court.

At the settlement conference held on April 20, 2016, the Court pressed Mr. Wang for an answer to whether or not he objected to Plaintiffs' initial discovery requests. Specifically, the Court asked "Did you advise Mr. Troy that you objected to the manner in which he had served the discovery request?" Transcript of April 20, 2016 settlement conference 10:25-11:1, attached as "Exhibit 7." Mr. Wang responded, "I did advise Mr. Troy on the same day when he contact [sic] me." Transcript 11:2-3. When pressed for a fourth time Mr. Wang contradicted his previous statement and finally admitted that he did not object. Transcript 11:4-11:8. This is just one example and Plaintiffs assert that the transcript is exemplary of the manner in which Mr. Wang approaches discovery.

Furthermore, the very email[1] that Defendants point to as making Plaintiffs' motion unnecessary, misrepresents the state of discovery. In the email, dated July 13, 2016, attached as Defendants Exhibit 4 to their opposition and cross-motion, Mr. Wang states that the "discovery is on the way to you." This was clearly a lie. The FedEx tracking information for Defendants'

---

[1] Defendants assert that Plaintiffs "hid" this email from the Court. The truth is that the substance of Plaintiffs' motion was already drafted before the email was sent so the motion did not address it. As the Plaintiffs' argument, here, makes clear, Plaintiffs gladly discuss this email with the Court.

responses, attached hereto as "Exhibit 8," indicates that the responses were not sent until July 15th. Defendant's letter even admits that fact, stating that "my office actually sent out the discovery responses on July 15, 2015 [sic]."

The content of Defendants' discovery responses, finally received on July 20, 2016, underscores the necessity of Plaintiffs' motion. In addition to making blanket objections, Defendants responded to 32 of Plaintiffs' document production requests by stating "none at this time," as if they intend to spring upon Plaintiffs additional documents well after the discovery deadline has passed. All of this adds to the multitude of evidence presented in Plaintiffs' motion to show that Defendants have not and do not intend to engage in discovery in good faith.

Defendants also throw in a number of other spurious arguments in support of their cross-motion. First they dig up an old issue of sending out discovery requests signed by Plaintiffs' counsel, John Troy, before his motion for *pro hac vice* admission was granted. However, Mr. Wang has previously brought this matter to the attention of the Court during the settlement conference on April 20, 2016 and it was dealt with there.

Additionally, Defendants argue that Plaintiffs have somehow misrepresented to the Court Lina Franco's relation with Troy Law, PLLC based on a conversation, at an unknown time, that Mr. Wang allegedly had with an employee of Troy Law, whose identity is unknown. To be clear, Ms. Franco is local counsel for Troy Law, PLLC in New Jersey, a matter that has never been misrepresented to the Court.

Finally, Defendants take issue with Plaintiffs inclusion in their initial motion, as Exhibit 1, an email from Mr. Wang where he states that he will "make every step difficult for [Plaintiffs]" and that "even if [Plaintiffs] abandon the case, your judgment will remain as a piece of paper forever" because the email is titled as a "Rule 408 Communication." Specifically, Defendants call this a "blatant willful violation of the rules." Even if we accept for the sake of argument that this email is a communication described in Federal Rule of Evidence 408, which it almost assuredly is not, the use of this statement is not a violation of FRE 408. Rather, the Defendants' argument is a blatant misstatement of law. FRE 408 only precludes the admission of evidence "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Clearly, Plaintiffs use of the email was not precluded by FRE 408 and to paraphrase Defendants' opposition and cross-motion we should not assume that Mr. Wang is unaware of Federal Rule of Evidence 408.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' cross-motion and grant Plaintiffs' motion in its entirety. Plaintiffs thank the Court for its time and consideration on this matter.

                                                                             Respectfully submitted,
                                                                             TROY LAW, PLLC
                                                                             *Attorneys for Plaintiffs*

                                                                              s/ John Troy

        John Troy, Esq.*
        (admitted *pro hac vice*)

        and

        s/ Lina Franco
        Lina M. Franco, Esq.
        Troy Law, PLLC
        41-25 Kissena Blvd., Suite 119
        Flushing, NY 11355
        Tel: (718) 762-1324
        Fax: (718) 762-1342
        Email: johntroy@troypllc.com

**VIA ECF**
CC: Heng Wang, Esq.
    Wang, Gao & Associates, P.C.
    *Attorneys for Defendants*