TROY LAW, PLLC
*Attorneys for Plaintiffs, the proposed FLSA*
*Collective and potential Rule 23 Class*
John Troy (JT 0481) admitted by *pro hac vice*
Lina Franco, Esq.
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:   (718) 762-1324

| | |
|---|---|
| **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** ---------------------------------------------------------X WEIGANG WANG and HAILONG YU, *individually and on behalf of others similarly situated,*                              *Plaintiffs,*         -against- CHAPEI LLC d/b/a Wok Empire, CHA LEE LO, and JOHN DOES #1-10                              *Defendants.* ---------------------------------------------------------X | Case No: 15-cv-2950 COLLECTIVE ACTION UNDER 29 U.S.C. § 216(B) & F.R.C.P. RULE 23 CLASS ACTION **BRIEF OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION** Motion Date: September 19, 2016 |

Pursuant to Local Civil Rule 7.1(i) of the District of New Jersey, Plaintiffs respectfully move for reconsideration of the Court's August 12, 2016 Order denying Plaintiffs' motion to compel. Plaintiffs seek reconsideration only of those portions of their motion that sought to compel discovery and for the Court to order depositions.

## BACKGROUND

On April 21, 2016, the Court entered "Revised Scheduling Order III," which provided, among other things, that responses to written discovery were to be served by May 31, 2016 and that depositions were to be completed by July 15, 2016. *See* Docket Entry ("DE") 32. The order also noted that "[a]ny failure to comply with the deadlines set forth herein must be promptly reported, in writing, to the Court. Failure to do so may result in waiver of any objection." *Id.*

1

On July 14, 2016 Plaintiffs moved for sanctions, to compel Defendants to respond to their discovery requests and for the Court to order depositions. *See* DE 36. Defendants cross-moved for sanctions on August 2, 2016 and Plaintiffs responded to their cross-motion on August 8, 2016. *See* DEs 37, 39. The Court denied Plaintiffs' motion as untimely at the conference held on August 11, 2016 and the Court formally entered the Order denying Plaintiffs' motion on August 12, 2016. DE 41.

## STANDARD OF REVIEW

The standard of review on motions for reconsideration is high. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Parties seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted when the court "has overlooked a factual or legal issue that may alter the disposition of the matter." *Waller v. Foulke Mgmt. Corp.*, No. 10-cv-06342, 2012 U.S. Dist. LEXIS 36512 at *2 (D.N.J. Mar. 16, 2012).

## ARGUMENT

Plaintiffs respectfully submit three matters that the Court may have overlooked in denying Plaintiffs' motion. First, Plaintiffs ask the Court to reconsider the interplay between the Court's scheduling order and Federal Rule of Civil Procedure 37. Pursuant to the Court's scheduling order written discovery responses were due on May 31, 2016. Accordingly, the earliest Plaintiffs could have raised Defendants' failure to comply with

the scheduling order was early June, taking into account a delay of a few days for the mail to arrive.

However, before raising the issue FRCP 37(a)(1) required Plaintiffs to confer or attempt to confer "with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs did in fact confer with Defendants on May 31, 2016 and the parties reached an agreement, as contemplated by FRCP 37, to avoid court action by stipulating to provide discovery responses by June 14, 2016.

Plaintiffs did not receive Defendants' discovery by that date and again reached out to Defendants in an attempt to confer with them prior to seeking court intervention. On this occasion Plaintiffs spoke with Defendants and were informed that the discovery responses would be sent soon. Once again, Plaintiffs believed that the matter was resolved without the need for court intervention.

When the discovery responses did not arrive, and by this time it was the very end of June, Plaintiffs again attempted, pursuant to FRCP 37, to confer with Defendants. Plaintiffs were finally able to reach Defendants on July 7, 2016 and Defendants informed Plaintiffs that the responses would be sent in a few days. Plaintiffs did not receive them and, recognizing, perhaps ultimately too late, the futility of another conference with Defendants on this matter, Plaintiffs filed their motion to compel on July 14, 2016.

Plaintiffs respectfully state that any delay in the filing of the motion to compel was a result of rigorously attempting to comply with the Federal Rules of Civil Procedures dictate that a party must confer with the other side prior to seeking any motion to compel.

Second, Plaintiffs respectfully suggest, if the Court maintains that the Plaintiffs' motion was untimely, that the Court may have overlooked that portion of Plaintiffs' motion that sought the Court's intervention to order depositions and its timeliness. The Court's scheduling order made two references to depositions. First the Court's order noted that deposition notices were to be served by June 6, 2016 and second that all depositions were to be completed by July 15, 2016.

Plaintiffs note, that from their prospective, there were no issues to raise with the first matter, the sending of deposition notices. Plaintiffs only raised an issue with regards to the actual holding of depositions. The Court's order made clear that depositions were to be held by July 15, 2016. Plaintiffs filed their motion on July 14, 2016. Prior to that date there was still time to conduct depositions and indeed Plaintiffs were still attempting to reach an agreement with Defendants on a date for depositions through early July. Plaintiffs respectfully submit that any motion filed at earlier date would have been improper as no issue regarding the actual holding of deposition arose until there was not enough time to do so.

Third and finally, Plaintiffs respectfully submit that the Court may have overlooked the pending motion for conditional certification in reaching its decision to deny Plaintiffs' motion. On April 28, 2016, Plaintiffs moved for conditional collective certification of this action. Defendants filed their opposition to Plaintiffs' motion on May 20, 2016. To date the Court has not yet ruled on the motion.

Should the Court grant Plaintiffs' motion for conditional collective certification, the standard of review for which is very low, it will be necessary to conduct discovery if additional plaintiffs opt-in to this lawsuit. To preclude discovery into matters relevant to

opt-in plaintiffs, for actions that occurred before they even became aware of the existence of this action, would be highly prejudicial to them.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its decision to deny the portions of Plaintiffs' July 14, 2016 motion seeking to compel discovery and for the Court to order depositions.

Date:  Flushing, New York  
       August 26, 2016

Respectfully submitted,  
TROY LAW, PLLC

By:  /s/  JOHN TROY_____

JOHN TROY (admitted *pro hac vice*)  
*Attorney for Plaintiff and proposed collective action members*  
41-25 Kissena Boulevard, Suite 119  
Flushing, NY 11355  
Tel:  (718) 762-1324  
Fax:  (718) 762-1342  
johntroy@troypllc.com