UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WEIGANG WANG, et al.,

    Plaintiffs,

v.

CHAPEI LLC d/b/a WOK EMPIRE, et al.,

    Defendants.

Civil Action No. 15-2950 (MAS) (DEA)

**ORDER**

This matter comes before the Court on Plaintiffs Weigang Wang and Hailong Yu's (collectively, "Plaintiffs") Motion to Conditionally Certify Collective Action. (ECF No. 33.) Defendants Chaipei LLC d/b/a Wok Empire and Cha Lee Lo (collectively, "Defendants") opposed. (ECF No. 34.) Plaintiffs did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

The current procedural posture of the case informs the Court's decision. The parties' initial disclosures were originally ordered to be exchanged by July 7, 2015. (ECF No. 8.) The initial discovery deadline was November 30, 2015. (*Id.*) After numerous extensions, discovery in this matter closed on July 15, 2016, while the instant motion was pending. (ECF No. 32.) Plaintiffs did not file the instant motion until April 28, 2016, after the parties had been engaged in discovery for nearly one year. (ECF No. 33.) Plaintiffs subsequently filed a Motion to Compel, which was denied by the Honorable Douglas E. Arpert, U.S.M.J. (ECF Nos. 36, 41.) Plaintiffs' Motion for Reconsideration of the denial of Plaintiffs' Motion to Compel is currently pending before Judge Arpert. (ECF No. 42.)

Based on the Court's review of Plaintiffs' submissions, the Court finds that Plaintiffs applied the incorrect standard for collective action certification.[1] Although the "modest factual showing" standard is appropriate at the "notice stage" of litigation when little or no discovery has taken place, a stricter standard is more appropriate when plaintiffs move for conditional certification near or after the close of discovery. *See, e.g., Tahir v. Avis Budget Grp., Inc.*, No. 09-3495, 2011 WL 1327861, at *2 (D.N.J. April 6, 2011) (finding that plaintiffs' motion for conditional certification after the close of discovery was "more akin to the second stage," which requires the Court to apply a "stricter standard"); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 WL 2085282, at *10 (D.N.J. July 24, 2006) ("[A]fter discovery is largely complete and the case is ready for trial the court will make a second determination. . . . [and] employ a stricter standard.").

Here, the parties were near the close of discovery when Plaintiffs filed the instant motion, and discovery has since closed with the exception of Plaintiffs' pending Motion for Reconsideration. The Third Circuit provides that the applicable "stricter" standard should apply at this stage of litigation: "plaintiffs must satisfy their burden at this . . . stage by a preponderance of the evidence. . . . [to] determin[e] 'whether the [putative opt-ins] are in fact "similarly situated" to the named plaintiffs.'" *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 537 (3d Cir. 2012).

For the reasons set forth above, for good cause shown, and based on the Court's inherent power to control the matters on its docket,

---

[1] Plaintiff applied the "modest factual showing" standard. (*See* Pls.' Moving Br. 5, ECF No. 33-6.)

2

IT IS on this 15th day of November 2016, **ORDERED** that:

1. Plaintiffs' Motion to Conditionally Certify Collective Action (ECF No. 33) is **DENIED** without prejudice.

2. Plaintiffs may file a Motion to Certify Collective Action, applying the applicable "stricter standard" as set forth in *Zavala*, 691 F.3d at 536-37. If Judge Arpert denies Plaintiffs' Motion for Reconsideration, Plaintiffs must file their Motion to Certify Collective Action **within thirty days (30) of Judge Arpert's Order** denying Plaintiffs' Motion for Reconsideration. If Judge Arpert grants Plaintiffs' Motion for Reconsideration and orders further discovery, Plaintiffs must file their Motion to Certify Collective Action **within thirty days (30) of the close of discovery** as set forth by Judge Arpert.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3