UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WEIGANG WANG *et al.*, | : | |
| Plaintiffs, | : | Civil Action No. 15-2950 (MAS)(DEA) |
| v. | : | **ORDER** |
| HAILONG YU, *et al.*, | : | |
| Defendants. | : | |

This matter comes before the Court on a motion by Plaintiffs for reconsideration of this Court's Order denying Plaintiffs' motion to compel discovery. Pursuant to Local Civil Rule 7.1(i), a movant seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it." *Inventory Recovery Corp. v. Gabriel*, No. 11-1604, 2017 WL 319177, at *3 (D.N.J. Jan. 23, 2017). Reconsideration is an "extraordinary remedy," which is granted "very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)

The Court finds that Plaintiffs have not met the standard for granting reconsideration. Rather than identifying dispositive factual or legal matter overlooked by the Court, Plaintiffs merely take issue with the Court's decision and raise arguments that were made, or could have been made, prior to the Court's decision. A motion seeking reconsideration may not be used by a party to "to raise arguments or present evidence that could have been raised prior to the entry

of [the Order]." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F.Supp.2d 511, 532 (D.N.J.1998) (internal citation omitted). Where a party merely has a difference of opinion with the Court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories*, Civ. No. 09-5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 612 (D.N.J. 2001)). Consequently,

**IT IS** on this 27th day of January 2017,

**ORDERED** that Plaintiffs' motion to for reconsideration [ECF No. 42] is hereby DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge