**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WEIGANG WANG, et al.,

        Plaintiffs,

v.

CHAPEI LLC d/b/a WOK EMPIRE, et al.,

        Defendants.

Civil Action No. 15-2950 (MAS) (DEA)

**MEMORANDUM OPINION**

    This matter comes before the Court on Plaintiffs Weigang Wang ("Wang") and Hailong Yu's ("Yu") (collectively, "Plaintiffs") Motion to Certify Collective Action. (ECF No. 54.) Defendants Chapei LLC d/b/a Wok Empire and Cha Lee Lo (collectively, "Defendants") filed opposition (ECF No. 61), and Plaintiffs replied (ECF No. 64). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion to Certify Collective Action is DENIED.

**I.    Background**

    On April 24, 2015, Plaintiffs filed a Complaint against Defendants alleging unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws ("NJWHL"). (ECF No. 1.) On April 28, 2016, Plaintiffs filed their original motion to certify collective action. (ECF No. 33.) Plaintiffs alleged that they were employed as cooks in restaurants owned and operated by Defendants. (Pls.' Moving Br. 2-3, ECF No. 56.) These restaurants are located in various ShopRite supermarkets throughout New Jersey. (*Id.* at 2.) Plaintiffs alleged that they and the putative class members "experienced a common set of

policies and practices by . . . Defendants" in violation of the FLSA and NJWHL. (*Id.* at 3-4.) These suspected violations include: (1) Defendants' failure to pay Plaintiffs minimum wage; (2) Defendants' failure to pay Plaintiffs the one-and-one-half overtime wage rate for work in excess of forty hours a week; and (3) Defendants' failure to keep employment records required by the FLSA. (*Id.*) As such, Plaintiffs sought conditional certification of the following individuals:

> [A]ll of those hourly paid, non-managerial employees of . . . Defendants, including but not limited to chefs, waiters, kitchen workers, dishwashers, delivery persons or any other equivalent employee, who previously worked, or is currently working at one of . . . Defendants' restaurants during the past three . . . years and who have worked for . . . Defendants as a non-managerial employee between April 24, 2012 and the date [the] Court decides [Plaintiffs' Motion to Certify Collective Action].

(*Id.* at 4-5.) Shortly after Plaintiffs filed their original Motion to Certify Collective Action, discovery closed on July 15, 2016. (Nov. 15, 2016 Order 1, ECF No. 45.)

On November 15, 2016, the Court denied Plaintiffs' original motion to certify collective action without prejudice because Plaintiffs applied the incorrect standard. (*Id.* at 2) The Court permitted Plaintiffs to re-file their motion and apply the applicable "stricter standard" set forth in *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536-37 (3d Cir. 2012). (Nov. 15, 2016 Order 2.) Despite being granted an extension to re-file their motion, Plaintiffs' renewed Motion to Certify Collective Action consisted of a brief identical to the one originally filed, again applying the incorrect legal standard. (ECF No. 56.)

## II. Legal Standard

Employers are required by the FLSA to pay their employees overtime pay for work performed in excess of forty hours per week, in addition to the specified minimum wage. *Ritzer v. UBS Fin. Servs., Inc.*, No. 08-1235, 2008 WL 4372784, at *1 (D.N.J. Sept. 22, 2008). Under

the FLSA, an employee, or employees, may bring a cause of action in a representative capacity of other "similarly situated" employees, which is undefined by the statute. 29 U.S.C. § 216(b). The Third Circuit defined "similarly situated" as "mean[ing] that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

The Third Circuit uses a two-stage approach when deciding whether a case may proceed as a collective action under the FLSA. *Id.* at 536. At the second stage, relevant here,[1] "plaintiffs must satisfy their burden . . . by a preponderance of the evidence. . . . [to] determin[e] 'whether the [putative opt-ins] are in fact similarly situated to the named plaintiffs.'" *Zavala*, 691 F.3d at 537 (citation omitted). While at the first stage a plaintiff's burden is comparatively lenient, at the second stage "the plaintiff bears a heavier burden." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)); *see, e.g., Tahir v. Avis Budget Grp., Inc.*, No. 09-3495, 2011 WL 1327861, at *2 (D.N.J Apr. 6, 2011) (finding that the plaintiffs' motion for conditional certification after the close of discovery was "more akin to the

---

[1] On November 15, 2016, the Court denied without prejudice Plaintiffs' original motion to certify collective action because Plaintiffs applied the incorrect standard for collective action certification. (Nov. 15, 2016 Order, ECF No. 45.) In its Order, the Court stated:

> Although the "modest factual showing" standard is appropriate at the "notice stage" of litigation when little or no discovery has taken place, a stricter standard is more appropriate when plaintiffs move for conditional certification near or after the close of discovery. . . . Here, the parties were near the close of discovery when Plaintiffs filed [their original motion to certify collective action], and discovery has since closed . . . . The Third Circuit provides that the applicable "stricter" standard should apply at this stage of litigation . . . .

(*Id.* at 2.)

3

second stage," which required the court to apply a "stricter standard"); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 WL 2085282, at *10 (D.N.J. July 24, 2006) ("[A]fter discovery is largely complete and the case is ready for trial the court will make a second determination. . . . [and] employ a stricter standard."). Finally, "the burden is on the plaintiffs to establish that they satisfy the similarly situated requirement." *Zavala*, 691 F.3d at 537.

### III. Discussion

The stricter standard employed at the second stage takes into consideration "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." *Zavala*, 691 F.3d at 536-37. "[T]he similarities necessary to maintain a collective action under § 216(b) must extend 'beyond the mere facts of job duties and pay provisions.'" *Zavala v. Wal-Mart Stores, Inc.*, No. 03-5309, 2010 WL 2652510, at *3 (D.N.J. June 25, 2010), *aff'd*, 691 F.3d 527 (3d Cir. 2012) (citation omitted). "If those facts alone were sufficient[,] 'it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse.'" *Id.* (citation omitted). "Allegations of overarching policies are generally insufficient to establish that individual workers are similarly situated." *Id.*

Here, Plaintiffs seek to: (1) certify this case as a collective action under the FLSA, 29 U.S.C. § 216(b); (2) provide judicial notice to all potential plaintiffs; (3) "order Defendants to produce a *Microsoft Excel* data file containing contact information, including but not limited to last known mailing addresses, . . . telephone numbers, . . . email addresses, Social Security numbers, work locations, and dates of employment for all those individuals who have worked for . . . Defendants as a non-managerial employee [since] April 24, 2012"; (4) authorize equitable

4

tolling of the statute of limitations regarding the expiration of the opt-in period; and (5) order Defendants to post notice in conspicuous locations where the putative class members have worked, or are now working. (Pls.' Mot. 1-2, ECF No. 54.) Despite approximately one year of discovery, however, Plaintiffs have submitted only two self-serving affidavits in support of their Motion to Certify Collective Action. (ECF Nos. 55-2, 55-3.)

Yu claims that from August 2010 to July 2013 he was employed as a "food preparer and chef of Wok Empire." (Yu Aff. ¶ 4, ECF No. 55-2.) Additionally, Wang claims that from April 2012 to July 2013 he was employed as a "food preparer of Wok Empire," and from September 2013 to March 2015 he was employed as a "cook of Wok Empire." (Wang Aff. ¶¶ 4-5, ECF No. 55-3.) Plaintiffs claim to have been assigned to work at Wok Empires within four ShopRite supermarket locations in New Jersey, including Aberdeen, Middletown, Somerville, and Woodbridge.[2] (Yu Aff. ¶ 6; Wang Aff. ¶ 7.) Plaintiffs also allege that "all employees . . . start off as food preparers and are then trained . . . as . . . cook[s]."[3] (Yu Aff. ¶ 8; Wang Aff. ¶ 9.)

While employed by Defendants, Plaintiffs claim that they worked from 9:00 a.m. until 7:00 p.m. for six days per week, totaling sixty hours per week, and that their day off from work fluctuated. (Yu Aff. ¶ 17; Wang Aff. ¶ 22.) Plaintiffs, however, do not provide any time sheets or pay stubs that indicate which days, or at which locations they worked. In addition, Yu claims to have been initially paid a rate of $1300 per month, and received periodic raises[4] culminating in a

---

[2] Yu claims to have worked at five additional ShopRite locations, but does not to identify those locations. (Yu Aff. ¶ 6.) Wang claims to have worked at three additional ShopRite locations, but also does not to identify those locations. (Wang Aff. ¶ 7.)

[3] Notably, Plaintiffs wish to certify a much larger class than those merely trained as food preparers and cooks, "including but not limited to chefs, waiters, kitchen workers, dishwashers, delivery persons or any other equivalent employee." (Pls.' Moving Br. 4-5.)

[4] Yu does not identify on which dates these "periodic raises" occurred.

5

monthly pay rate of $2200. (Yu Aff. ¶¶ 13-14.) Wang claims to have been initially paid a rate of $1500 per month, with subsequent raises culminating in a monthly pay rate of $2200. (Wang Aff. ¶¶ 14-19.) Moreover, Plaintiffs claim that they have spoken with five additional individuals who have allegedly worked for Defendants as food preparers and cooks for sixty hours per week, receiving a starting salary ranging from $1300-$1900 per month with occasional raises. (Yu Aff. ¶ 26; Wang Aff. ¶ 31.) Despite these assertions, however, Plaintiffs have not submitted to the Court any affidavits or certifications from these alleged co-workers.

Indeed, Plaintiffs admit that they were assigned to different locations at different times throughout their employment with Defendants, but provide no information regarding the dates that they worked at these various locations. (Yu Aff. ¶ 6; Wang Aff. ¶ 7.) Furthermore, Plaintiffs provide no evidence concerning whether their alleged co-workers worked at various locations, and if so, whether each location employed the same policies. Additionally, Plaintiffs and their alleged co-workers were hired with different starting salaries, with some receiving "occasional raises." (Yu Aff. ¶ 26; Wang Aff. ¶ 31.) Despite having concluded discovery, Plaintiffs have failed to "produce [any] evidence 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [Plaintiffs] and the manner in which it affected other employees." *Bowe v. Enviropro Basement Sys.*, No. 12-2099, 2013 WL 6280873, at *3 (D.N.J. Dec. 4, 2013). Moreover, despite the Court's decision to provide Plaintiffs with a second opportunity to file an adequate Motion to Certify Collective Action, Plaintiffs submitted the same self-serving affidavits they provided in their initial deficient motion and failed to supplement their submission with any evidence obtained in discovery. Plaintiffs, therefore, have not met their burden under the "stricter standard" set forth in *Zavala*, 691 F.3d at 536-37.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Certify Collective Action is DENIED. An Order consistent with this Memorandum Opinion will be entered.

Dated: August 18th, 2017

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE