**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WEIGANG WANG, et al.,

    Plaintiffs,

v.

CHAPEI LLC d/b/a WOK EMPIRE, et al.,

    Defendants.

Civil Action No. 15-2950 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendants Chapei LLC d/b/a Wok Empire and Cha Lee Lo's (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 69.) Plaintiffs Weigang Wang ("Wang") and Hailong Yu ("Yu") (collectively, "Plaintiffs") filed opposition (ECF No. 70), and Defendants replied (ECF No. 71).

Local Civil Rule 56.1 provides, in pertinent part: "Each statement of material facts . . . *shall not contain legal argument or conclusions of law*." L.Civ.R. 56.1(a) (emphasis added); *see also Teubert v. SRA Int'l, Inc.*, 192 F. Supp. 3d 569, 575 (D.N.J. 2016). "The purpose of the Rule 56.1 statement is for the parties to identify the facts relevant to the pending motion so the Court may determine whether a genuine dispute exists without having to first engage in a lengthy and timely review of the record." *Vibra-Tech Eng'rs, Inc. v. Kavalek*, No. 08-2646, 2011 WL 111417, at *2 (D.N.J. Jan. 13, 2011) (citing *Comose v. N.J. Transit Rail Ops., Inc.*, No. 98-2345, 2000 WL 33258658, at * 1 (D.N.J. Oct. 6, 2000)); *Owens v. Am. Hardware Mut. Ins. Co.*, No. 11-6663, 2012 WL 6761818, at *3 (D.N.J. Dec. 31, 2012).

In support of their summary judgment motion, Defendants filed a Statement of Material Facts Not in Dispute ("SUMF") pursuant to Local Civil Rule 56.1. (Defs.' SUMF, ECF No. 69-1.) Eight paragraphs of Defendants' fourteen-paragraph SUMF set forth the procedural history of the matter. (*Id.* ¶¶ 1-8.) The remaining six paragraphs of Defendants' SUMF: (i) include legal conclusions; (ii) are largely devoid of specific facts; and (iii) provide minimal record citations. (*Id.* ¶¶ 9-14.) Here, Defendants' SUMF violates Local Civil Rule 56.1 and frustrates the purposes of the rule.[1] The Court, therefore, finds good cause to deny Defendants' motion.[2] Accordingly,

**IT IS** on this 24th day of May 2018, **ORDERED** that Defendants' motion for summary judgment (ECF No. 69) is DENIED.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that it also finds Plaintiffs' submission deficient. Even though Plaintiffs' opposition papers referenced both a "56.1 Statement" and a "Counter Statement of Facts," Plaintiffs failed to submit these documents with their motion papers. (Pls.' Opp'n Br. 2, 6, ECF No. 70; Troy Decl. ¶ 6, ECF No. 70-1.) Plaintiffs only submitted a document entitled "Statement of Material Facts in Opposition" ("Opp'n Statement") (ECF No. 75) after the Court entered a text order regarding Plaintiffs' omission (ECF No. 74).

[2] Based on a consideration of Defendants' deficient SUMF and Plaintiffs' untimely Opp'n Statement, the Court also finds that Plaintiffs raised a genuine dispute of material fact with respect to: (i) each of the two prongs of enterprise coverage; and (ii) individual coverage under the FLSA. In addition, the Court is not persuaded by Defendants' argument with respect to Plaintiffs' "self-serving affidavits." Here, Defendants relied entirely on eight paragraphs of one declaration—that contained no record citations to specific facts—to support their eight alleged SUMFs. (Defs.' SUMF ¶¶ 9-14; Lo Decl. ¶¶ 3-8, 10, 15, ECF No. 69-2.) Moreover, Plaintiffs' "self-serving affidavits" pointed to specific facts, which the Third Circuit has held can create a genuine dispute of material fact sufficient to survive summary judgment. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-62 (3d Cir. 2009).