**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEIGANG WANG and HAILONG YU, <br><br> Plaintiffs, <br><br> v. <br><br> CHAPEI LLC d/b/a WOK EMPIRE and CHA LEE LO, <br><br> Defendants. | Civil Action No. 15-2950 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Weigang Wang and Hailong Yu's (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs.[1] (ECF Nos. 123–25.) Chapei LLC d/b/a Wok Empire and Cha Lee Lo (collectively, "Defendants") opposed the Motion for Attorney's Fees (ECF No. 128), and Plaintiffs replied (ECF No. 131). Defendants also filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF No. 126.) Plaintiffs opposed the Motion for Sanctions (ECF No. 127), and Defendants replied (ECF No. 130). Plaintiffs also submitted correspondence calculating their proposed pre-judgment interest (ECF No. 122), which Defendants also contested (*see* Defs.' Opp'n Br. 11, ECF No. 128-13). The Court has carefully considered the parties' submissions and decides the matter without oral argument

---

[1] Plaintiffs were ordered to file their Motion for Attorneys' Fees by February 12, 2020. Although Plaintiffs filed their notice of motion by February 12, 2020, (ECF No. 123), their supporting brief, declaration, and exhibit were not filed until February 13, 2020 (ECF Nos. 124–25). The Court, nevertheless, will consider these untimely filings.

pursuant to Local Civil Rule 78.1. For reasons set forth below, the Court: (1) grants in part and denies in part Plaintiffs' Motion for Attorneys' Fees and Costs; (2) denies Defendants' Motion for Sanctions; and (3) grants in part Plaintiffs' proposed pre-judgment interest calculation.

## I. BACKGROUND[2]

Plaintiffs commenced this lawsuit against Defendants for wage and hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11 to -56a. The Court held a bench trial from July 9 through July 10, 2019. The Court granted Defendants' Motion for Judgement on Partial Findings as to Plaintiffs' FLSA claims. (July 19, 2019 Mem. Op., ECF No. 112.) Plaintiffs, however, prevailed on their NJWHL claims. (Jan. 29, 2020 Op. & Final J. 20, ECF No. 120.) Plaintiffs were collectively awarded $6,601.27 in damages. (Conclusions of Law ¶¶ 32–33, Jan. 29, 2020 Op. & Final J. 20.) Plaintiffs now seek an award of $121,676.76 in attorneys' fees and costs. (Schweitzer Decl. ¶ 42, ECF No. 124.)

## II. PARTIES' POSITIONS

### A. Plaintiffs' Motion for Attorneys' Fees

Plaintiffs argue that the award of attorneys' fees is authorized under the FLSA[3] and NJWHL. (Pls.' Moving Br. 1, ECF No. 125.) In support of their motion, Plaintiffs' counsel filed a declaration requesting $118,659.33[4] in attorneys' fees for 341.56 total hours of work performed

---

[2] The Court only sets forth background information necessary to decide the instant motion and adopts relevant facts from its January 29, 2020 Opinion and Final Judgment (ECF No. 120).

[3] Plaintiffs routinely rely upon the FLSA and cases awarding fees under the FLSA, despite not prevailing on their FLSA claims. (*See* Pls.' Moving Br. 1, 3, ECF No. 125.)

[4] The Court notes there is a discrepancy between Plaintiffs' total requested fees of $118,659.33 and the sum of each attorney's total requested fees. (*See* Schweitzer Decl. ¶ 40, ECF No. 124.)

and $3,017.43 in costs.[5] (Schweitzer Decl. ¶ 42; *see generally* Invoice, ECF No. 124-1.) Plaintiffs assert that, "[g]iven the extensive discovery and prosecution through trial," the hours spent are typical of similar FLSA cases and the rates requested are reasonable. (Pls.' Moving Br. 3.)

Defendants oppose Plaintiffs' Motion. First, Defendants contend that attorneys' fees are not mandatory under NJWHL. (Defs.' Opp'n Br. 6, ECF No. 128-13.) Defendants also argue that Plaintiffs' requested fees and costs are unreasonable. (*Id.* at 7.) Defendants finally argue that Plaintiffs unnecessarily prolonged litigation and denied all settlement efforts. (*Id.* at 2; Wang Decl. ¶¶ 5–13, ECF No. 128-1.)

In reply, Plaintiffs argue that Defendants did not contest Plaintiffs' prima facie showing of a reasonable market rate with appropriate record evidence. (Pls.' Reply Br. 2–3, ECF No. 131.) Absent specific objections to the rate and number of hours requested, Plaintiffs contend that the attorneys' fees they requested should be awarded. (*Id.*).

### B. Defendants' Motion for Sanctions

Defendants filed a Motion for Sanctions against Plaintiffs under Federal Rule of Civil Procedure 11. (Defs.' Moving Br. 1, ECF No. 126-7.) Defendants argue that both of Plaintiffs' motions to certify a collective action were frivolous and without basis in law or fact. (*Id.* at 5.) Because Plaintiffs' motions were identical, applied the incorrect legal standard, and were not supported with sufficient factual information, Defendants argue that Plaintiffs wasted the Court's time and caused Defendants to incur unnecessary legal costs. (*Id.* at 6.) Defendants thus request that the Court grant Defendants' Motion for Sanctions and permit Defendants to file a certification

---

[5] Plaintiffs seek attorneys' fees for work performed by John Troy, Aaron Schweitzer, Kibum Byun, Jonathan Hernandez, and Adam Dong. (Schweitzer Decl. ¶ 40.) Plaintiffs do not include Michael Taubenfeld in their request for attorneys' fees. But in their Reply to Defendants' Opposition, Plaintiffs request an hourly rate of $350 for Mr. Taubenfeld. (Reply Br. 2, ECF No. 131.) Plaintiffs, however, do not state the number of hours Mr. Taubenfeld worked in this case. To the extent Plaintiffs seek attorneys' fees for Mr. Taubenfeld, the Court does not consider it.

presenting the attorneys' fees and costs they incurred as a result of additional work they performed in responding to Plaintiffs' motions. (*Id.* at 7.)

Plaintiffs oppose Defendants' Motion for Sanctions, arguing that the Motion failed to follow the mandatory Federal Rule of Civil Procedure 11 safe harbor provision. (Pls.' Opp'n Br. 1–3, ECF No. 127.) Plaintiffs further contend that Defendants' Motion is untimely because Defendants seek to impose sanctions for a motion filed thirty-five months ago. (*Id.* at 4.)

In reply, Defendants argue that the motion for sanctions was timely since it was filed before judgment was entered. (Defs.' Reply 3, ECF No. 130.) Alternatively, Defendants argue, the Court should *sua sponte* impose sanctions. (*Id.* at 4.)

### III.   LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

The American Rule "denies successful litigants the possibility of recovering fees from their opponents. Beyond the applicability of several narrow judicially recognized exceptions to the American Rule, the Supreme Court insists that [legislatures] must affirmatively authorize fee awards." *Rodriguez v. Taylor*, 569 F.2d 1231, 1244 (3d Cir. 1977) (citing *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). District courts have great discretion in awarding reasonable attorneys' fees. *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989); *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 136 (3d Cir. 1984) (citing *Rodriguez v. Taylor*, 569 F.2d 1231, 1247 (3d Cir. 1977)). Under the NJWHL, a plaintiff who prevails in a civil

action to recover wages "*may* recover . . . costs and reasonable attorney's fees as determined by the court." N.J. Stat. Ann. § 34:11-56a25 (emphasis added).[6]

## IV.   DISCUSSION

### A.   Motion for Attorneys' Fees

In calculating the reasonable value of attorneys' fees, the "lodestar" formula requires courts to multiply the number of compensable hours by a reasonable hourly rate. *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* (*Lindy I*), 487 F.2d 161, 167–68 (3d Cir. 1973). The lodestar formula "carries a strong presumption of reasonableness." *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 128 (3d Cir. 2017) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010)). This market value is then adjusted to accommodate subjective factors indicative of the value of the lawyer's performance. *Merola v. Atl. Richfield Co.* (*Merola I*), 493 F.2d 292, 295 (3d Cir. 1974).

To determine the reasonableness of an hourly rate,[7] district courts apply a burden-shifting analysis. *Evans v. Port Auth. of N.Y.*, 273 F.3d 346, 361 (3d Cir. 2001). "The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie

---

[6] The Court interprets the grant of attorneys' fees and costs under the NJWHL as discretionary, as opposed to mandatory under the FLSA. *See* 29 U.S.C. § 216(b) ("The court in [an FLSA] action *shall* . . . allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." (emphasis added)). Plaintiffs assert that because the "NJWHL is to be construed broadly, and . . . was purposely drafted in parallel with the FLSA," (Pls.' Reply Br. 1 (quoting *Thompson v. Real Estate Morg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015)), ECF No. 131), the "principle of parallel construction suggests that the NJWHL be interpreted the same way or closely," (*id.*). Plaintiffs offer no precedent supporting costs and attorneys' fees as mandatory. (*See* Pls.' Moving Br. 1.) The Court sees no reason to ignore the clear statutory text and impose the FLSA's mandatory language where it expressly conflicts with the NJWHL's permissive language.

[7] Because the Court finds Plaintiffs do not demonstrate a prima facie case for the reasonableness of their proposed hourly rate, the Court does not discuss the number of compensable hours or any subjective factors.

case." *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). A reasonable hourly rate is based on "the prevailing market rates in the relevant community," and takes into account "the experience and skill of the . . . attorneys and compare[s] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). The starting point "is the attorney's usual billing rate, but this is not dispositive." *Pub. Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

The fee applicant must establish the reasonableness of the requested rates through "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *see Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (demonstrating need for more than the attorney's own affidavits). A court has a "responsibility . . . to settle upon a reasonable hourly rate based solely upon a factual record." *Smith*, 107 F.3d at 226. "By simply relying on the hourly rate set by [a] court [for the attorney] in previous cases in which he has appeared, [a] district court [fails] to exercise [this] responsibility." *Id.*; *see Supinski v. United Parcel Serv., Inc.*, No. 06-793, 2012 WL 2905458, at *2 (M.D. Pa. July 16, 2012) (finding that the plaintiff, "by simply pointing to a single case in [the] district where [the requested] hourly rate was awarded[,] has not satisfied his burden of establishing this as the prevailing market rate in the community"). The fee applicant has "the burden of demonstrating the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity." *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996). This burden

can be sustained by submitting affidavits of other attorneys in the area who represent plaintiffs in similar matters. *See id.*

Here, Plaintiffs request an hourly rate of $550 for John Troy; an hourly rate of $350 for Aaron Schweitzer, Jonathan Hernandez, and Kibum Byun; and an hourly rate of $200 for Adam Xing Dong. (Schweitzer Decl. ¶¶ 23–39.) As evidence, Plaintiffs submit contemporaneous time records of the hours worked by those attorneys, (Schweitzer Decl. ¶¶ 9–12; *see generally* Invoice); the professional history and qualifications of each attorney, (Schweitzer Decl. ¶¶ 13–16, 20–22, 25, 32, 36–38); cases in which Mr. Troy, Mr. Schweitzer, and Mr. Byun are attorneys of record within the District of New Jersey and elsewhere, (*id.* ¶¶ 17–19, 26–29, 33–34); the usual hourly rate of Mr. Schweitzer and Mr. Byun, (*id.* ¶¶ 25, 32); and a single case in the District of New Jersey in which Mr. Troy and Mr. Schweitzer's requested fees were granted, (*id.* ¶¶ 23, 30[8] (citing *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-10359, (D.N.J.))).

Plaintiffs fail to meet their prima facie burden of demonstrating a reasonable market rate for their services. The only evidence offered that indicates a reasonable market rate—and that Plaintiffs' requested hourly rates are reasonable—is Plaintiffs' citation to *Zhang*. There, upon a motion for default judgment and attorneys' fees in an FLSA matter, the district court approved hourly rates of $550 for Mr. Troy and $350 for Mr. Schweitzer.[9] *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-10359, 2019 WL 6318341, at *4 (D.N.J. Nov. 25, 2019). Citing a single case where the requested rates were awarded, without any discussion of the similarities in the cases or the type and quality of work performed, fails to establish the prevailing market rate. *Supinski*,

---

[8] Misstating Mr. Schweitzer's hourly rate as $3,550.00 per hour. (Schweitzer Decl. ¶ 30.)

[9] The Court notes that Mr. Schweitzer's declaration in this matter is substantially similar to that submitted in *Zhang*—so much so that the declaration here refers to Jian Zhang as the plaintiff more often than the actual plaintiffs, Mr. Wang and Mr. Yu. (*Compare* Schweitzer Decl. ¶ 5, *with id.* ¶¶ 3, 13.)

2012 WL 2905458, at *2. Additionally, the plaintiff in *Zhang* prevailed in his FLSA claims, where attorneys' fees must be granted, as opposed to only prevailing on NJWHL claims where attorneys' fees are merely permissive. Finally, this case provides no evidence for the requested fees of Mr. Byun, Mr. Hernandez, and Mr. Dong. Plaintiffs, accordingly, fail to meet their prima facie burden in seeking reasonable attorneys' fees. Because attorneys' fees are permissive under the NJWHL, the Court finds good cause to deny Plaintiffs' motion for attorneys' fees.

Plaintiffs also seek an award for costs—including travel mileage, courtesy copies, mail, interpreter services, and transcripts—amounting to $3,017.43. (*See* Invoice 11.) Defendants do not specifically contest the reasonableness of these costs. (*See generally* Defs.' Opp'n Br.) The Court, therefore, finds good cause to award Plaintiffs $3,017.43 in costs.

### B. Motion for Sanctions

Federal Rule of Civil Procedure 11 provides:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11. If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

The rule contains a safe harbor provision: if a party chooses to bring a motion for sanctions, it must first serve the motion on the opposing party against whom sanctions are sought and then wait twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). If the offending party withdraws or corrects the challenged paper, claim, defense, or denial within the twenty-one-day safe harbor period, the rule forecloses sanctions. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). "If the twenty-one-day period is not provided, the motion must be denied." *Id.* The purpose of this provision "is to give parties the opportunity to correct their errors, with the practical effect being that a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Id.* (quoting Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments)). A Rule 11 motion, therefore, must be timely. *Albibi v. Tiger Mach. Co., Ltd.*, No. 11-5622, 2014 WL 3548312, at *2–3 (D.N.J. July 17, 2014) (denying motion for sanctions under Rule 11 because the motion was not filed until after the court entered summary judgment).

A corollary principle to the mandatory safe harbor provision is that a party cannot file a Rule 11 motion unless the challenged document can be withdrawn. *Del Giudice v. S.A.C. Capital Mgmt.*, No. 06-1413, 2009 WL 424368, at *7 (D.N.J. Feb. 19, 2009) (citing *Ridder v. Springfield*, 109 F.3d 288, 296 (6th Cir.1997)). When it is too late for the party to withdraw the challenged document, a court cannot impose sanctions under Rule 11. *Id.* "Numerous Circuit Courts have found that sending an adversary an informal letter as opposed to the actual motion fails to comply with Rule 11." *Albibi*, 2014 WL 3548312, at *2; *see also Graco, Inc. v. PMC Glob., Inc.*, No. 08-1304, 2011 WL 868930, at *11 (D.N.J. Feb. 14, 2011) (finding Rule 11 "requires service of a

motion" rather than "[w]arnings and informal applications" (quoting *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998))); *Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 200 (D.N.J. May 4, 1999) ("[A]n informal notice, either by letter or other means, does not trigger the commencement of the 21[-]day period." (quoting *Piantone v. Sweeney*, No. 94-7007, 1995 WL 691915, at *1 n. 1 (E.D.Pa. Nov. 21, 1995))). The safe harbor period begins "only upon receipt of the formal motion." *Slater*, 187 F.R.D. at 200.

The Court must deny Defendants' Motion for Sanctions because it is untimely. Prior to filing this Motion, Defendants sent a letter to Plaintiffs, demanding that Plaintiffs withdraw the motion and informing them that Defendants would pursue sanctions if they did not withdraw. (Mar. 24, 2017 Correspondence, Heng Wang Decl. Ex. E, ECF No. 126-6.) A letter, however, is insufficient to trigger the commencement of the twenty-one-day safe harbor period. The safe harbor provision did not begin to run until Plaintiffs received Defendants' Motion on February 13, 2020. (Pls.' Opp'n Br. 3.) The challenged document—the renewed motion to certify a collective action—was filed on March 13, 2017, almost three years prior to Defendants filing the present Rule 11 Motion. (*Id.* at 4; *see* ECF No. 54.) By the time Plaintiffs received Defendants' Motion, the time to withdraw the offending motion had long passed. The Court, accordingly, must deny Defendants' Motion for Sanctions because it is untimely.

### C.  Pre-judgment Interest

In its Judgment Order, the Court directed Plaintiffs to file correspondence calculating appropriate pre-judgment interest. (ECF No. 121.) Plaintiffs assert that the appropriate pre-judgment interest is $1,220.52 for Mr. Wang and $65.27 for Mr. Yu. (Pls.' Feb. 12, 2020 Correspondence, ECF No. 122; Pls.' Feb. 12, 2020 Correspondence Ex. 1 ("Interest Calculation"), ECF No. 122-1.)

Plaintiffs appear to compute the pre-judgment interest using the date April 24, 2012. (*See* Interest Calculation.) Plaintiffs provide no authority for choosing this date for the computation of pre-judgment interest. Defendants argue that this date is improper because the Court previously concluded that "Plaintiffs may not recover unpaid minimum wages or overtime compensation prior to April 24, 2013. (Conclusions of Law ¶ 1, Jan. 29, 2020 Op. & Final J. 11; *see* Defs.' Opp'n Br. 11, ECF No. 128-13.)

The Court agrees with Defendants and must modify Plaintiffs' calculation of pre-judgment interest. The Court chooses the date for calculating pre-judgment interest as the date the Complaint was filed: April 24, 2015. (Compl., ECF No. 1); *see Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at *6 (D.N.J. Sept. 30, 2014) (selecting date complaint was filed as date for computing pre-judgment interest); *see also* Les A. Schneider & J. Larry Stine, 2 Wage and Hour Law: Compliance & Practice, § 21:4 Interest (Mar. 2020) (discussing disagreement among courts on the appropriate date for computation of pre-judgment interest, but noting many courts choose the date the employer was notified of the violations). The Court applies the 2.5% interest rate as agreed by the parties. *See* N.J. Ct. Rule 4:42-11(a), 6:6-3(a).

Accordingly, the Court finds that the appropriate pre-judgment interest is $750.37 for Mr. Wang and $40.13 for Mr. Yu.

### V. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' Motion for Attorneys' Fees and Costs. The Court also denies Defendants' Motion for Sanctions. Finally, the Court grants, with modifications, Plaintiffs' proposed pre-judgment interest. The Court will enter an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**